## MAY E. PRICE *vs.* RHODE ISLAND COMPANY.

### MARCH 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Negligence.  Duty to Look and Listen Before Crossing Track.*

The obligation to look and listen when approaching a track upon which cars are run is so well established as the duty of a prudent person that a neglect of it must be held to be negligence in law, and not a mere circumstance for the jury to consider in passing upon the question of a plaintiff's care.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant, and exception to charge sustained.

PER CURIAM.   The accident which occasioned the injuries complained of was caused by a trolley car of the defendant striking and frightening a horse driven by the plaintiff across the track.

The defendant asked the court to charge the jury as follows: " If you believe the plaintiff did not look for an approaching car before entering the track she was guilty of contributory negligence and can not recover."   To which the court replied: " I suppose that that request is based upon the fact that the plaintiff stated that at some distance away from the track she did pull up her horse and did look and that after that she drove upon the track.   Gentlemen, I shall decline to give you the charge in that form.   I will say to you that the plaintiff was bound to exercise due care in going upon that track, and due care is dependent upon all the circumstances and all the facts of the case, as I have already explained to you.   It is not necessarily negligence for the plaintiff not to look before driving upon the track.   That is, it is not so as a matter of law, but it is a matter that you may take into consideration in determining whether she was guilty of negligence.   If, at a point twenty or twenty-five or thirty feet, more or less, from the track she held up her horse and looked in both directions and then started on and did not look again and did not hold up her horse again, that. is a circumstance which you may consider in determining whether or not she was guilty of con-

tributory negligence, but I will not say to you, gentlemen, that this is negligence as a matter of law. It is a fact which you may take into consideration and determine for yourself whether she was guilty of contributory negligence.

" MR. HOFFMAN. If your honor please, I didn't mean by that request as to whether or not she looked between the distance of twenty-five feet away from the track; whether she looked at all or not."

" THE COURT. Very well; I will say the same thing as to whether she looked at all or not. That, if the plaintiff— although you will recall the fact she said she did hold up her horse and did look and there are two witnesses that say, as I recollect it, that she did hold up her horse and did look, but whether she did or not I will not charge you, gentlemen, that it was negligence on her part, as a matter of law, not to look. I will charge you, gentlemen, that she was bound to exercise due care as a person of reasonable—as a reasonable person she was bound to use due care in driving upon that crossing, and whether she was in the exercise of due care is entirely for you to say under all the circumstances from the evidence in the case. And if you find that she did not look, but drove upon the crossing without looking at all, then you may take that fact into consideration in determining whether she was guilty of contributory negligence in driving upon the track. I will not, however, charge you, gentlemen, that it was negligence, as a matter of law, in her not to look before driving upon the track. That depends upon all the circumstances, upon the conditions, the surroundings, the environments, in which she found herself."

(1) In view of the opinion of this court in *Beerman* v. *Union R. R. Co.,* 24 R. I. 275, this ruling of the court was erroneous. The obligation to look and listen when approaching a track upon which cars are run is so well established as the duty of a prudent person that a neglect of it must be held to be negligence in law and not a mere circumstance for the jury to consider in passing upon the question of the plaintiff's care. Although the charge of the court had very fairly instructed

the jury in the law applicable to the case, the refusal to charge as requested on this point and the comments of the court in answer to the request were misleading upon a vital issue in the case. We think, therefore, that this exception must be sustained and that a new trial must be granted.

We find no merit in the other exceptions, and it is not necessary to discuss the weight of the evidence or amount of the verdict, which may vary at the next trial.

Case remanded to the Superior Court for a new trial.

*Robert S. Emerson and Geo. H. Huddy, Jr.,* for plaintiff.

*Henry W. Hayes,* for defendant.