## FRANK C. HEALY v. WILLIAM J. HOY.[1]

August 19, 1910.

Nos. 16,539—(152).

**Negligence — questions for the jury.**

 Because of the evidence, it is *held* to have been for the jury to say whether defendant was guilty of negligence and plaintiff of contributory negligence.

[1] Reported in 127 N. W. 482.

Action in the district court for Ramsey county against William J. Hoy and Michael J. O'Neil to recover $37,500 for personal injuries sustained by plaintiff while in the employ of defendant O'Neil, an independent contractor, in a building of which defendant Hoy was the general contractor. After the death of plaintiff, the special administrator of his estate was substituted in his place.

The complaint alleged that the injury to plaintiff was received without any negligence on his part, and solely through the negligence of defendant O'Neil in directing plaintiff to work on the fifth floor close to a hoisting apparatus and hoistway which were unguarded by any barrier or railing, such hoistway being an exceedingly unsafe and dangerous place; that defendant Hoy failed to guard such apparatus and hoistway and operated the apparatus in a wantonly careless and wilfully negligent manner, and in failing to raise said apparatus after plaintiff was wedged in said hoistway. Defendant Hoy, in his separate answer, admitted the injury but expressly denied his negligence, alleged that he had no knowledge of the duties of plaintiff and therefore denied that at the time and place of the accident he was engaged in the discharge of any duty whatever to defendant O'Neil. Before the trial it was stipulated that the action should be dismissed as to defendant O'Neil, without prejudice to either party.

The case was tried before Brill, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*John P. Kennedy* and *W. B. Douglas,* for appellant.

*Morton Barrows,* for respondent.


O'BRIEN, J.

The plaintiff who brought this action was an experienced workman forty-three years of age. He was injured while engaged under the employment of the plumbing contractor in installing the plumbing in a large building being constructed by defendant as general contractor. Defendant had placed two hoists in the building, one in the elevator shaft and one about ten feet away in the aperture intended for the stairway. This latter was a double hoist, consisting

of steel cables operated by a steam engine. Receptacles for the materials to be elevated were fastened to each cable, so that as one ascended the other descended. The evidence was conflicting as to what guards were placed around this hoist, and it must be assumed that there were no guards upon the floor where the accident occurred.

Plaintiff on the day of the injury was with a fellow workman engaged in measuring the distance between the various floors of the building, and beginning at the first had reached the fifth floor. There were, in addition to those mentioned, several apertures in each floor, and plaintiff and his assistant chose different ones for their purpose, and sometimes made measurements through more than one opening on a floor. The measurements were made by inserting a pole in the opening, permitting it to rest upon the floor below, and marking upon it the point where it reached the floor upon which the men were standing. The view on each floor was unobstructed; no partitions having as yet been placed. The hoist in the stairway space had, the day before the accident, been adjusted so that material could be delivered at the sixth floor. Plaintiff had worked in the building for about two months, generally in the basement, but sometimes on other floors, and had seen the hoist operate. During this time the hoist was in general, but not constant, operation. Plaintiff's companion, while upon the fifth floor, and while the hoist was stationary, placed the measuring pole through the stairway space and called plaintiff over to note the measurement. Plaintiff approached, and, kneeling beside the opening, made his observations, and when in the act of arising was struck upon the head by the descending hoist and very severely injured. No warning or notice was given of the starting of the hoist, nor does it appear any one in charge of it had actual notice of plaintiff's proximity to the shaft. The negligence alleged was the failure to place guards around the opening as required by section 1815, R. L. 1905. At the close of the testimony a verdict in defendant's favor was directed, and plaintiff appealed from an order denying a new trial. After the appeal was perfected the plaintiff died, and by an order of this court the administrator of his estate was substituted as plaintiff appellant. For convenience we have and will continue to refer to the deceased as the plaintiff.

**1.** Section 1815, R. L. 1905, reads: "Every hoisting apparatus used in the construction of any building　*　*　*　shall be securely protected on each floor by a barrier at least four feet high, which shall be kept closed except when necessarily opened for use　*　*　*" The case, therefore, as to the defendant's negligence, is within that class where a positive duty imposed by statute has been neglected, and is not to be distinguished from those in which dangerous machinery has, in violation of the statute, been maintained without guards or other protection against accidents. The defendant introduced testimony to indicate that railings guarding the shaft were maintained upon the side of the opening where plaintiff was when injured. This was disputed upon the part of the plaintiff, which made the existence of the guards a question of fact for the jury, and if there were no such guards that fact established defendant's negligence per se. Again, it was conceded that the railing upon the side of the shaft where material was being received was not in place, but had been removed to permit material to be placed in the hoist. If the absence of this guard was the proximate cause of plaintiff's injuries, it was a question for the jury whether or not its entire removal was necessary, or whether between the times at which material was loaded it should have been kept in place. It is plain, therefore, that defendant's negligence in either view was a question for the jury, and that, if the entire absence of guards was established, the defendant was guilty of negligence as a matter of law.

**2.** Notwithstanding this, the plaintiff could not recover, if his own negligence contributed to the injury. The learned trial judge did not, either at the trial or when denying the new trial, state his reason for holding as he did; but we imagine his opinion must have been that plaintiff was guilty of contributory negligence. We think the testimony fairly shows that plaintiff had previously witnessed the operation of the hoist. It is urged that, as there were many openings through the floor, plaintiff, engrossed in his work, overlooked the location of the hoist in this particular place, which he would not have done, had it been properly guarded. The location of the hoist in the place intended for the stairway, and within a few feet of the other hoist in the shaft intended for the permanent elevator, are pointed

to as a circumstance sufficient to confuse the plaintiff, and that the entire situation was one which placed upon the defendant, not only the duty of maintaining a sufficient railing, but further requiring him to adopt such regulations for the operation of the hoists, and to give warnings to those lawfully in their vicinity, sufficient to provide against accidents by reason of the unexpected movement of the machinery.

It must be taken as the settled law of this state that, while the failure of one controlling dangerous appliances or machinery to take the statutory precautions against accidents establishes the negligence per se of the person charged with the duty, one who, with full knowledge and appreciation of the situation, voluntarily places himself in a position of peril, cannot recover if, through his inattention or inadvertence, he is injured by the dangerous appliances to the hazards of which he has voluntarily exposed himself. Upon the other hand, if an emergency exists of such character that the injured person cannot be held responsible for some sudden act upon his part, if the age and experience of the one injured are such that it is an open question whether or not he appreciated the dangers of the situation, and, finally, if while in the exposed position some intervening accident such as slipping, or losing his balance, throws the exposed person into or against an unguarded appliance, it is within the province of the jury to say whether or not he assumed the risk or contributed to the injury.

The writer is of the opinion that, considering the age and experience of the plaintiff, the fact that his duties required no haste, no claim being made that he slipped or lost his balance, he must be held to have voluntarily placed himself in the dangerous position, and thereby contributed to his injury; that this case falls within the principle announced by this court in Blom v. Yellowstone Park Assn., 86 Minn. 237, 90 N. W. 397, and Jensen v. Regan, 92 Minn. 323, 99 N. W. 1126, and approved of in Snyder v. Waldorf Box Board Co., 110 Minn. 40, 124 N. W. 450.

A majority of the court, however, hold otherwise, and to the effect that, the negligence of the defendant being established, it was for the jury to say, under all the circumstances of the case, whether or not the

plaintiff contributed to the accident. In arriving at this conclusion, it is held that defendant, as general contractor, had charge of the construction of the building, and, knowing that the workmen of other contractors were employed in and about the building during its construction, it was his duty to so conduct his operations that the safety of the other workmen would not be imperiled. The hoist being at rest when the plaintiff approached the shaft or opening, a jury might find he was justified in presuming that it would not be set in motion without some preliminary warning, so that, even if the movement of the hoist without warning was not, under the pleadings, an additional and independent act of negligence by the defendant upon which to base a recovery, the plaintiff might still have anticipated some warning, and, therefore, taking the position he did, could not, as a matter of law, be held to constitute contributory negligence. In this view of the case the evidence should have been admitted which was intended to show that plaintiff mistook the stair space for the permanent elevator shaft; but it is unnecessary to refer further to the assignments alleging such errors.

Order reversed.


BROWN, J., (dissenting).

I concur in the views expressed by Justice O'Brien, to the effect that decedent assumed the risks of his employment by voluntarily placing himself in a position of peril.