# ANNA MARIE COULTAS v. HENNEPIN PAPER COMPANY.[1]

May 12, 1911.

Nos. 17,039—(116).

**Negligence of master proximate cause of death.**

Evidence considered, and *held*, that it is sufficient to sustain a finding by the jury that the injuries sustained by the intestate by the defendant's negligence were the proximate cause of his death.

Action in the district court for Morrison county by the administratrix of the estate of George W. Coultas, deceased, to recover $5,000 for the death of her intestate. The answer admitted the accident, but specifically denied that the injury sustained was of a permanent character or that death resulted in consequence, and denied that the accident was caused by defendant's negligence. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $1,800. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*N. N. Bergheim,* for respondent.

START, C. J.

On March 4, 1910, the plaintiff's husband, and intestate, was in the employ of the defendant as a teamster, and while he was on his way with a load of logs to its mill at Little Falls a stake holding the logs on the wagon broke, whereby he was thrown to the ground and his leg broken, and he was otherwise injured. He was taken to his home, and his leg was set. He died about two hours after he was injured. This action was brought in the district court of the county of Morrison to recover damages for his death, on the

[1] Reported in 131 N. W. 319.

ground that it was caused by the negligence of the defendant. At the close of the evidence the defendant requested the court to direct the jury to return a verdict in its favor, for the reason that the evidence did not warrant a finding that the intestate's death was proximately caused by any negligence of the defendant. The request was denied, exception taken, cause submitted to the jury, and a verdict returned in favor of the plaintiff for $1,800. Judgment was entered thereon, from which the defendant appealed.

The sole question presented by the record is whether there was any evidence reasonably tending to show that the injuries received by the intestate at the time of the accident were the proximate cause of his death.

The evidence on the part of the plaintiff tended to show these facts: The intestate was sixty-seven years old at the time of the accident, and prior to that time he was a strong and healthy man. He had been in the service of the defendant for some seven years, with little, if any, lost time. He was severely injured by being thrown from his load. Some of the logs struck the ground before he did, and he fell upon them, and others fell upon him and covered him to his shoulders. His leg was broken, and he was bruised over his eye. He was, however, able to extricate himself before assistance arrived. He was taken to his home, and his leg was set by Dr. Chance, who was called by defendant's superintendent. No examination was made for internal injuries. After the doctor left, the intestate remained on the couch for a short time, became unconscious, and died two hours and twenty minutes after the accident.

The defendant gave in evidence the death certificate of the health inspector, which was based solely upon an autopsy by Dr. Chance. The certificate stated that the cause of the intestate's death was: "Rupture of the ventricle; contributory, old age, and also valvular lesion." Dr. Chance was called by the defendant and testified, so far as here material, as follows:

"Q. What, in your opinion, was the cause of death? A. Rupture of the heart. Q. In common parlance? A. The walls of the heart were very thin. Q. What is the cause of that thinness? A.

Chronic disease. Q. In ordinary English, then, he died of heart disease? A. Yes; due to a rupture. * * * Q. In your opinion, doctor, how long a standing was this diseased condition? A. Why, I couldn't tell that; it was probably several years; I couldn't tell. Q. How long had you had actual knowledge of his having a diseased heart? A. About a year. Q. What was your occasion of ascertaining it? A. I examined him for an increased pension. Q. What did you find at that time? A. Found a murmur. Q. What does that indicate? A. Heart disease."

The plaintiff, in rebuttal, called the intestate's family physician, who testified that while he was a member of the pension board he examined the intestate a number of times. The last time was eighteen months before his death, or two years before the trial. He further testified as follows: "We did not discover any particular disease of the heart. He was a man quite well along in years, and I think there was a slight murmur, if I remember right; very slight murmur, nothing very particular. I know that he was a very strong man, and went through everything with a good deal of vigor; and, of course, he never showed any signs of heart disease, any physical signs. Q. In your opinion, then, Doctor, when you examined him last as to his heart, was it normal or otherwise? A. Well, I couldn't say it was normal. Very few men of that age have absolutely normal hearts; but I should say it was as good as the average."

On his cross-examination he testified that murmur of the heart did not indicate any particular stage of the disease; that some men had it all their lives. "Q. Well, then, they have a diseased heart all their lives? A. Yes; they do. Q. Well, then when you examined Mr. Coultas at this time you referred to, you found his heart was diseased, but not very seriously diseased; that is about the size of it? A. That is about the size of it."

Neither party offered any opinion evidence as to the probable effect of the injuries received by the intestate in hastening his death, if he had heart disease. The question of the proximate cause of an injury is ordinarily one of fact for the jury, to be solved by the exercise of practical common sense, rather than by any abstract

definition of the term; but a verdict that an injury due to the negligence of the defendant was the proximate cause of the death of the person injured cannot rest upon mere conjecture. We are of the opinion, and so hold, that the evidence in this case was sufficient to take to the jury the question whether the intestate's injuries received at the time of the accident were the proximate cause of his death.

Judgment affirmed.