## JOHN HEALY v. WILLIAM J. HOY.[1]

July 28, 1911.

Nos. 17,178—(235).

**Evidence of death — damages.**

Plaintiff's intestate was personally injured by the negligence of the defendant, and died some eight months thereafter of pulmonary tuberculosis. Held:

1. The evidence was sufficient to sustain a finding that his injuries, so received, were the proximate cause of his death.

[1] Reported in 132 N. W. 208.

115 M.—21.

2. A duly certified copy of an original death certificate on file in the office of the state board of health is competent evidence tending to show the cause of death.

3. The damages awarded are not excessive.

After the former appeal, reported 112 Minn. 138, 127 N. W. 482, the case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $4,334.50. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Morton Barrows,* for appellant.

*Kennedy & Kennedy* and *W. B. Douglas,* for respondent.

Start, C. J.

On July 10, 1909, the plaintiff's intestate, Frank C. Healy, was personally injured, while working as a plumber on the St. Paul Hotel, by the alleged negligence of the defendant in failing to guard a hoisting apparatus. He commenced this action against the defendant in the district court of the county of Ramsey to recover damages resulting from his injuries, and a verdict was directed for the defendant. He appealed to this court from an order denying his motion for a new trial. He died pending the appeal on March 4, 1910, and the plaintiff, as administrator, was substituted in his place, and an amended complaint filed. The order was reversed, and a new trial granted. 112 Minn. 138, 127 N. W. 482, to which reference is here made for a statement of the facts as to the manner of his injury and the negligence of the defendant. On the second trial the case was submitted to a jury, and a verdict for the plaintiff returned in the sum of $4,334.50, of which $157 was funeral expenses and $577.50 for his support. The defendant appealed from an order denying his blended motion for judgment in his favor or for a new trial.

1. The basis of defendant's claim that it was and is entitled to judgment notwithstanding the verdict is, in effect, that there was no evidence to sustain a finding by the jury that the injuries of the plaintiff's intestate were the proximate cause of his death. The trial court instructed the jury that the deceased died of pulmonary

tuberculosis, and submitted to them the question whether the tuberculosis was the result of the injuries he sustained by reason of the defendant's alleged negligence. There was evidence tending to show that at the time of the accident he was forty-three years old, weighing one hundred eighty-eight pounds, in sound health, and a big, robust man. As a result of the accident his scalp was torn, a portion of the frontal prominence of the skull shaved off, a blunt instrument driven through the mastoid bone, breaking it, and leaving a severe wound in the back of his head, and the fifth nerve severed. He also sustained a severe shock and concussion of the brain. These injuries caused disuse of the lower part of his face, a difficulty in opening his mouth, and an inability to masticate his food. He was confined to the hospital one month, but was disabled until the time of his death. He steadily lost in weight. He died some eight months after the accident.

There was opinion evidence given on behalf of the plaintiff by physicians to the effect that the cause of the existence of tuberculosis in the deceased was the injury he received at the time of the accident, whereby his vital forces were seriously impaired. There was opinion evidence on the part of the defendant tending to show that pulmonary tuberculosis often attacks men of robust health and kills them, and a probability that the deceased had pulmonary tuberculosis before the accident.

The question of proximate cause of an injury is often obscured by technical learning, but in its last analysis it is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence in each particular case. If the evidence in a particular case leaves the question a matter of conjecture, the defendant is entitled to a directed verdict; but if the evidence, direct and circumstantial, furnishes a reasonable basis for the inference by the jury of the ultimate fact that the alleged negligence was the cause of the injury or death complained of, it is sufficient to support a finding on the question in favor of the plaintiff. We have attentively considered the record herein, and reached the conclusion that the finding of the jury that the defendant's negligence was the proximate cause of the death of the deceased is sus-

tained, within the rule stated. Rogers v. Minneapolis & St. Louis Ry. Co. 99 Minn. 34, 108 N. W. 868; Moores v. Northern Pacific Ry. Co. 108 Minn. 100, 121 N. W. 392; Coultas v. Hennepin Paper Co. 114 Minn. 309, 131 N. W. 319. The trial court did not err in refusing to direct a verdict for the defendant, nor in denying his motion for judgment notwithstanding the verdict.

2. The defendant also claims that in any event the trial court erred in denying his motion for a new trial, because it admitted in evidence a certified copy of the original certificate of the death of the deceased on file in the office of the state board of health over the defendant's objection that it was incompetent. No objection was made as to the sufficiency of the formal certification. The certificate shows that the cause of the death of the deceased was pulmonary tuberculosis. Counsel for the defendant states in his brief that there was no other evidence as to the cause of the death of the deceased. There was opinion evidence of two physicians that on October 28, next after his injury, he was suffering from pulmonary tuberculosis, which, taken with other evidence, would seem to be sufficient to justify the inference that he died of such disease. The jury were so instructed, without objection by either party at any time. It would seem, then, that if the certificate was incompetent, its admission was harmless error.

However this may be, we are of the opinion that the certified copy was properly received in evidence. It was the legal duty of the attending physician to make the death certificate and to state therein the cause of the death. It was so made; hence the original certificate was admissible in evidence, independently of any statute. Swedish-American National Bank v. Chicago, B. & Q. Ry. Co. 96 Minn. 436, 105 N. W. 69.

The statute as to what disposition shall be made of the original death certificate is not entirely clear; but it may be fairly construed as requiring that the original certificate shall be sent to the state board of health and that it becomes a part of its official records and documents, of which its executive officer, its secretary, is the custodian. Such is the practical construction of the statute by the board of health. R. L. 1905, §§ 2140, 2141, as amended by

Laws 1907, p. 696, c. 454, § 1 (R. L. Supp. 1909, §§ 2140, 2141-1).

The copy of the death certificate here in question was certified as a true and correct copy of the original record of death on file in the office of the state board of health by its executive officer under its official seal. The trial court did not err in overruling the defendant's objection to the admission of the certified copy. R. L. 1905, § 4708; State v. Pabst, 139 Wis. 561, 121 N. W. 351; McKinstry v. Collins, 74 Vt. 147, 52 Atl. 438; Hennessy v. Metropolitan, 74 Conn. 699, 52 Atl. 490.

3. The last contention is that the damages are so excessive as to justify the conclusion that they were given under the influence of passion or prejudice. The beneficiary is the minor son of the deceased, who was seventeen years old when his father died. His father was educating him in Pillsbury Academy, preparatory to giving him a medical course at the University of Minnesota. The jury awarded $3,600 as general damages, which is liberal, but clearly not so excessive as to justify an inference that they were given under the influence of passion or prejudice.

Order affirmed.