## E. C. HYDE v. CHARLES B. KLOOS.[1]

July 21, 1916.

Nos. 19,871—(235).

**Deed — evidence of minority of grantor.**

1. The record examined and found to contain evidence fairly sustaining the finding that the grantor in the deeds through which appellant claims title was a minor at the time of their execution.

**Evidence — birth certificate admissible.**

2. A supplemental birth certificate, furnished at the instance of the state board of health by the proper village official, filed, preserved and found in the office of the clerk of the district court as required by the then existing law, is not inadmissible evidence although irregular.

**Evidence — corroboration — record of birth.**

3. A record of the birth of a person made by a mere acquaintance of the family, while not admissible as substantive evidence to prove the date of birth, may be received in corroboration of the testimony of the one who-made the record that at the time she made it she had knowledge of the facts to which she testified.

**Witness — impeachment — affidavit in language unknown to witness,**

4. In order to lay a foundation for the introduction of an affidavit for the purposes of impeachment, in a case where the witness sought to be impeached does not understand the language in which the affidavit is

1 Reported in 158 N. W. 920.

written, there must be proof by one who knows the language in which it is written and the language the witness understands that the affidavit was correctly translated before the purported signature by mark was attached.

Action in the district court for Mahnomen county to determine adverse claims to certain vacant and unoccupied land. The separate answer of defendant Kloos alleged that he was the owner in fee of the premises described. The answer of defendant Peterson disclaimed any right, title or interest in or to the land. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant Kloos appealed. Affirmed.

*Clayton C. Cooper,* for appellant.
*J. T. Van Metre,* for respondent.

HOLT, J.

Action to determine adverse claim to real estate which was a part of the White Earth Indian Reservation. Appellant as well as respondent claim through Thomas Clark, a mixed blood Indian, the deeds to appellant being prior in time to that through which respondent claims. Respondent attacks appellant's deeds upon the ground that the grantor was a minor at the time of their execution. The court found such to have been the fact, and ordered judgment for plaintiff. This appeal is from the order denying a new trial.

The finding that Thomas Clark was not of age when he conveyed to appellant is assailed as unsupported by credible evidence. The record has been examined and the conclusion reached that this court cannot so hold. Outside the writings hereinafter referred to, there was testimony to the effect that Thomas Clark was not born until August 3, 1893, and the deeds to appellant were executed not later than February 16, 1914. Whether this testimony was worthy of any credence was for the trial court. Under the well-known rules guiding us in reviewing findings of fact based on conflicting testimony, the challenged finding should not be disturbed, unless it appears that testimony which might have influenced the court was erroneously admitted.

Appellant claims such was the case, in that a so-called birth certificate was received over his objection, which document had probative value in the mind of the court as is inferrable from his memorandum. This raises the decisive legal proposition in the appeal. The deputy clerk of the district court of Pine county was placed on the witness stand and testified that Exhibit C produced by him was a file in the office of the clerk. The document was indorsed, filed Feb. 26, 1895. It purports to be a "Supplemental Report 1893, Return of Births in the Village of Pine City, County of Pine, and State of Minnesota," made upon "Vital Statistic Form III, State Board of Health of Minnesota." No. 7 in this return shows that a one-half Indian male child named Thomas Clock was born to Amazon and Ella Clock, each one-half Indian of Minnesota, and that it was registered February 26, 1894. At the end of the form is this: "I hereby certify that the above is a correct copy of the register of birth which occurred in this village for the month of Aug. A. D. 1893, according to the best of my knowledge and belief. Dated Pine City, March 12, 1894. E. E. Barnum, Clerk or Health Officer." It is plain that the state board of health had ascertained that those whose duty it was to report the births in the towns and villages of the state had failed to do so at the proper time, hence supplemental reports were called for from the health officers of the villages and the clerks of townships. This report was made up and transmited by the health officer of the village of Pine City. It was afterwards transmitted to the clerk of the district court pursuant to section 441, G. S. 1894. Although somewhat irregular, we think the document one prepared and preserved in compliance with the demands of lawful authority and the provisions of the statute. Because certain persons neglected to report this birth as the law demands, it does not mean that the state board of health is thereby prohibited from obtaining the best report to be had under the circumstances. The reports and certificates so obtained and preserved by the constituted authority should be considered public documents in the office of the proper custodian, and as such admissible in evidence for what they may be worth, taking into consideration all the irregularities appearing therein. Exhibit C appears to be the original certificate, **and** was admissible whenever a duly certified copy thereof, or of the entries therefrom in a book of record would be admissible. Under section 4661, G. S.

1913, certified copies of birth records from the state or local registrar are admissible in evidence. It would seem to follow that an original certificate in the custody of the proper official is equally admissible. Healy v. Hoy, 115 Minn. 321, 132 N. W. 208; 1 Greenleaf, Evidence, §§ 483-485; Town of Derby v. Town of Salem, 30 Vt. 722; Howard v. Illinois Trust & S. Bank, 189 Ill. 568, 59 N. E. 1106.

It is also urged that no foundation was laid for the introduction of Exhibit C, because the identification of Thomas Clark with the child Thomas Clock in the exhibit was not sufficiently established. There was evidence from his mother that the Indians pronounced Clark as Clock or Klock. The given name of the father and mother of Thomas Clark correspond with that of the father and mother in the exhibit. The father's was peculiar and distinctive in itself, namely Amazon. The identification was for the trial court.

Mrs. Inman, a witness for respondent, testified that she was in the habit of keeping a record of births in the families of her acquaintances; that she was an acquaintance of the mother of Thomas Clark; that she visited her in August, 1893, when Thomas was three or four days old; and that when she returned to her home she made this entry in her book: "1893 Pine City tommy clark was boarned Aug. the 3 1893." The book was somewhat mutilated. It was admitted over appellant's objection, the court saying: "The same will be admitted in evidence as one of the circumstances and in explanation of the testimony of Mrs. Inman but is not admitted in evidence as evidence in itself of the date of birth of Thomas Clark, but simply in corroboration of her evidence and as evidence that the child was in existence at the time of the making of the memorandum." The trial was to the court, and no error was committed in receiving the book with the court's limitation placed upon its force as evidence.

Thomas Clark married while a minor. It was necessary for the parents to consent. An affidavit, purporting to give such consent containing a statement relative to the age of Thomas impeaching that given by the mother upon the witness stand, was offered in evidence by appellant, but was excluded on the ground that a sufficient foundation had not been laid. The affidavit is not signed except by mark. The testimony shows that the mother did not understand the English language and there was no evidence from anyone who understood both the English language and

that of her own tongue, the Chippewa, to show that the affidavit was correctly translated to her so that she knew the contents. There was no error in the ruling.

The order is affirmed.