## MAX JACOBSON *vs.* ARTHUR O'DETTE.

### JANUARY 28, 1920.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1) Contributory Negligence. Question for Jury.*

The question of contributory negligence is one for the jury unless it clearly appears that the only proper inference from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have acted as did the plaintiff.

*(2) Contributory Negligence. Automobiles.*

The driver of an automobile who crosses an intersecting street without taking any observation, except looking straight ahead, when had he looked before attempting to cross he must have seen defendant's automobile coming at right angles but a short distance from him at a rapid rate of speed, is guilty of contributory negligence.

TRESPASS ON THE CASE for negligence.    Heard on exception of plaintiff and overruled.

RATHBUN, J.    This is an action of trespass on the case for negligence to recover compensation for damage to plaintiff's automobile caused by collision with defendant's automobile.    The plaintiff at the close of his testimony was nonsuited on the ground that his driver was guilty of contributory negligence.    The case is before this court on exception to the nonsuit.

The collision occurred shortly after midnight in the business section of the city of Providence at the intersection of Empire and Westminster streets.    Westminster street runs easterly and westerly and Empire street northerly and southerly.    The two streets cross at approximately right angles.    The plaintiff's automobile was proceeding along Empire street in a southerly direction and was crossing Westminster street when it was struck at the right-hand rear wheel by defendant's automobile which was proceeding in an easterly course on Westminster street.    The driver of the plaintiff's automobile blew his horn as he approached the intersection of the two streets but did not look to the right or to the left.    He testified that the street was clear and that he was looking "straight ahead towards Broad street" and did not see defendant's automobile until after he heard the crash.    Had the driver looked before attempting to cross Westminster street he would have had a clear view of Westminster street in either direction for a considerable distance.    Westminster street is the principal business street of the city and said intersection is much frequented by pedestrians, electric cars, automobiles and other vehicles.

(1)    No question of the last clear chance is involved.    The plaintiff's contention is that the question of contributory negligence should have been submitted to the jury.    The question of contributory negligence is one for the jury unless it clearly appears that the only proper inference from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have acted as did

the plaintiff. As this court said in *Clarke* v. *R. I. Elec. Lghtg. Co.*, 16 R. I. 465: "Generally the question of negligence is a question of fact to be determined by the jury; but sometimes, when there is no controversy as to the facts, and when it clearly appears from them what course a person of ordinary prudence would pursue, it is a question for the court." See also *Gaffney* v. *Inman Mfg. Co.*, 18 R. I. 781.

Had the driver looked before attempting to cross Westminster street he must have seen the defendant's automobile "coming very fast" but a short distance from him, in which event it would have been negligence to attempt to cross directly in front of it. The only inference that can be drawn from his conduct in proceeding as he did, without looking in any direction except "straight ahead" is that he failed to exercise common prudence. In *Barker* v. *Savage*, 45 N. Y. 191, the court held that a pedestrian by crossing a street without taking any observations except "looking straight ahead" was guilty of contributory negligence. This court in *Beerman* v. *Union R. R. Co.*, 24 R. I. at page 285, in discussing the rights of pedestrians and vehicles on the highway, said, if a pedestrian attempts "to cross from one side of the street to the other . . . it would be incumbent upon him to glance up and down the street to see that he was not stepping in front of an approaching horse and carriage going at a speed that would cause collision and probable injury. . . . One using a vehicle must use due care no less than a pedestrian." See also *Gibbs* v. *Dayton*, 134 N. W. 544; *Niosi* v. *Empire Steam Laundry*, 117 Cal. 257; *Baker* v. *Pendergast*, 32 Ohio St. 495; *Hannigan* v. *Wright*, 5 Pennewill (Del.) 537.

We think the motion for a nonsuit was rightly granted. Plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the nonsuit.

*Samuel I. Jacobs*, of Boston, *Walter W. Osterman*, for plaintiff.

*E. Raymond Walsh*, for defendant.