## BERTINA RASTEN, AS MOTHER OF MELVIN RASTEN, A MINOR v. W. G. CALDERWOOD.[1]

### February 6, 1920.

### Nos. 21,659, 21,660.

**Contributory negligence of boy riding bicycle.**

A boy of 13, while riding a bicycle along the street, was struck and run over by defendant's automobile. Verdict for plaintiff. *Held*:

(1) In its charge to the jury on the question of the contributory negligence of the boy, the court did not err in saying: "Did he shut his eyes to that which he was bound to see and which was obvious?" The court followed that question by saying both parties were bound to the reasonable use of all their senses for the prevention of accidents and to the exercise of such reasonable caution as an ordinarily careful and prudent person would exercise under like circumstances.

(2) A verdict for $11,500 was not excessive. [Reporter.]

**Judicial notice.**

The court takes judicial notice of the decreased purchasing power of money at the present time. [Reporter.]

Two actions in the district court for Hennepin county, one to recover $15,000 for injuries to plaintiff's minor son and the other to recover $3,850 for expenses incurred. The cases were tried together before Bardwell, J., and a jury which returned verdicts for $11,500 and $2,225.15, respectively. From orders denying his motions for new trials, defendant appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber*, for appellant.

*Bruce & Wilder*, and *Tautges & Bissell*, for respondent.

PER CURIAM.

Melvin Rasten, a boy about 13 years of age, while riding a bicycle along Second Avenue South in the city of Minneapolis, was struck and run over by defendant's automobile. His widowed mother brought an action in his behalf for the injuries sustained, and brought another action in her own behalf

[1] Reported in 175 N. W. 1007.

for the expenses incurred on account of the injury, and for loss of services. Both actions were tried together and a verdict was returned in favor of the plaintiff in each. Only two questions are presented: (1) Whether the court erred in its instruction in respect to contributory negligence on the part of the boy; and (2) whether the verdict was excessive.

Defendant contends that the court gave undue prominence to the age of the boy as bearing on the question of his contributory negligence and unduly limited the matters to be taken into consideration in determining that question.. The court after properly defining negligence and contributory negligence, and stating that both were to be determined by the same test, and that plaintiff could not recover if the boy had been guilty of contributory negligence further stated:

"The degree of diligence that the law requires of the plaintiff is that care which would be reasonably expected of a boy of his age and mental capacity. You have heard the testimony as to his age and observed his mental condition. You saw him while he was on the witness stand, and in passing upon what degree of care he should have exercised on that occasion you may take into consideration his appearance on the stand, his manner of testifying and the capacity that he exhibited while a witness on the stand. The questions for you to answer are whether the plaintiff was careless and whether he failed to take that care for his safety which under the circumstances in question he or any boy of his age of an equal degree of intelligence as that possessed by plaintiff would have taken. Did he shut his eyes to that which he was bound to see and which was obvious? If he was lacking in the degree which you have a right to expect from him under the circumstances, and if his failure to take care of himself contributed to bring about his injuries, then, of course, he could not recover in this action."

Defendant particularly complains of the expression: "Did he shut his eyes to that which he was bound to see and which was obvious?" as in effect instructing the jury that he was not guilty of contributory negligence, unless he had failed to observe those things which he was bound to see. The court elsewhere carefully and correctly defined the rights and duties of the driver of the automobile and the rider of the bicycle, and followed the statement above quoted by saying that "both were bound to the reasonable use of all their senses for the prevention of accidents, and to the exercise of all such reasonable caution as an ordinary careful and prudent person would exercise under like circumstances." We think that the jury could not have been misled and that defendant's objection is not well taken.

The verdict in favor of the boy is large in view of the recovery made by him, but has been approved by the trial court, and, as it is not the province of this court to fix the amount of damages, the majority of the court are of

opinion that, in view of the decreased purchasing power of money, this court should not interfere with it. The order denying a new trial is affirmed

Quinn, J. (dissenting).

I dissent upon the ground that the damages are excessive.