CHARLES L. HILLSTROM v. MANNHEIMER BROTHERS.[1]

June 25, 1920.

No. 21,770.

**Automobile at street intersection — violation of statute, negligence.**

1. The duties of the driver of an automobile about to pass over a street intersection are regulated by statute. By showing a violation of the statutes applicable to the situation negligence is established, and, if an injury resulted from the disobedience of the statutes, liability follows, but may be avoided by establishing the contributory negligence of the person injured.

**Contributory negligence question for jury.**

2. Under the evidence, plaintiff's alleged contributory negligence was a question for the jury.

**New trial because of excessive damages — exercise of court's discretion.**

3. It is the duty of the trial court to keep the jury within the bounds of reason in assessing damages. When asked to grant a new trial on the ground that the verdict is excessive, its discretionary powers are invoked and must be exercised. The verdict, having received the approval of the trial court, cannot be held to be so excessive as to justify this court in interfering with it.

Action in the district court for Ramsey county to recover $31,500 for injuries to person and property received in collision with one of defendant's delivery trucks. The answer denied that defendant's automobile was negligently and recklessly operated by its servant, and alleged negligence on the part of plaintiff in driving his car. The case

[1]Reported in 178 N. W. 881.

was tried before Michael, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that the testimony manifestly disclosed contributory negligence of plaintiff causing the collision, and a jury which returned a verdict for $12,000.. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*O'Brien, Young, Stone & Horn,* for respondent.

Lees, C.

This is an action for damages caused by a collision between plaintiff's automobile and defendant's delivery truck, which occurred March 22, 1919, at the intersection of Lexington and Selby avenues in the city of St. Paul. Plaintiff had a verdict for $12,000, and defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Defendant's first contention is that plaintiff was guilty of contributory negligence as a matter of law, and the second, that the damages are excessive and appear to have been awarded under the influence of passion and prejudice. These are the sole grounds upon which we are asked to reverse the order.

1. It appears from the undisputed evidence that the accident occurred at about 4 o'clock in the afternoon of a bright day. Plaintiff was driving a Ford car with the side curtains down. His only opportunity to see to the right or left was through the openings in the side curtains which were covered with isinglass. Lexington avenue runs north and south and intersects Selby avenue at right angles. Plaintiff was driving north on Lexington. On his left as he approached the intersection and about 50 feet from the south line of Selby avenue, there was a house which obstructed his view to the west. There is a down grade on Selby avenue to Lexington from a point several hundred feet west of the intersection. There is a double line of street-car tracks on Selby avenue and much street traffic on both avenues at the point of intersection.

Plaintiff, who was entirely familiar with the locality, testified that

he was driving at the rate of 12 or 15 miles an hour as he came up to Selby avenue, that he saw a street-car coming towards him from the east and a truck approaching from the north, and that he first saw defendant's truck when it was about 12 feet away. It came from the west and was running fast, some witnesses estimating its speed at 30 miles an hour. There was evidence that plaintiff's car was on or passing over the north street-car track and was about five feet from the east curb line of Lexington avenue when the collision took place. Plaintiff testified that he did not look to the west after he reached Selby avenue; that he did look in that direction when he was about 50 feet away and gave three different estimates of the distance covered by his vision when he looked. He first testified that he could see half way up the hill; next, that he could see to the middle of the block; and, finally, that he could look up Selby avenue for about 50 feet and that he saw no vehicle approaching from the west at that time. He did not look to the west again and was unaware of the approach of the truck until the instant before his car was struck. He was subjected to a vigorous cross-examination, in the course of which he was asked why he did not look a second time. He answered: "If you have looked and satisfied yourself that there is nothing in view I consider it reasonable time enough to cross without looking again." And to another like question he answered: "I looked up half ways of the block. That is considered plenty, I should think." The driver of defendant's truck testified that he came down Selby, intending to turn into Lexington avenue and proceed to the north; that he was making the turn and near the center of the intersection when plaintiff's car ran into his truck.

It is not disputed that plaintiff could have seen the truck, if he had looked to the west as he was crossing Selby avenue, or that the driver of the truck could have seen plaintiff's car at all times after it reached the street intersection. Manifestly there was culpable negligence on the part of one or both of the drivers. Was the jury bound to find that plaintiff was negligent upon his own statement or was his alleged contributory negligence an open question upon which reasonable men might differ?

In determining this question, we are asked to apply the rule adopted with reference to railroad crossing cases, but must decline to do so. The duties of a driver of an automobile about to pass over a street intersection are not the same as when he is about to pass over a railroad track at a highway crossing. They are regulated by statute. See sections 2634, 2635, and subd. 2, § 2632, G. S. 1913, and section 2552, Minn. Supp. 1917.

If the testimony of plaintiff and his witnesses is true, the driver of the truck violated the statutes referred to in several respects. Such violations being shown, negligence on the part of the defendant was established, and, if the injury resulted from the disobedience of the statutes, liability followed. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Benson v. Larson, 133 Minn. 346, 158 N. W. 426. But defendant might nevertheless escape liability by establishing the contributory negligence of the plaintiff. Glockner v. Hardwood Mnfg. Co. 109 Minn. 30, 122 N. W. 465, 123 N. W. 807, 18 Ann. Cas. 130; Healy v. Hoy, 112 Minn. 138, 127 N. W. 482; Schaar v. Conforth, supra, and the question narrows down to this: Was plaintiff's failure to look to the west a second time when he would have had a clear view up Selby avenue contributory negligence as a matter of law? In view of the fact that he did look under the circumstances we have detailed and that the jury might properly find that he had the right of way and that the truck was driven upon that part of the street intersection where it had no right to be and where plaintiff had no reason to anticipate its presence, we answer the question in the negative.

Gibbs v. Dayton, 166 Mich. 263, 131 N. W. 544, cited by defendant, is not authority here. That case went off on the point that plaintiff had the burden of showing absence of contributory negligence—a rule that does not obtain in this jurisdiction. Jacobson v. O'Dett, — R. I. —, 108 Atl. 653, also cited by defendant, differs from the present case. There, the plaintiff looked neither to the right nor the left as he approached a street intersection at midnight, but drove straight ahead, when, if he had looked to the left, he would have seen defendant's car coming towards him and near at hand upon the street he was about to cross. We think the case at bar fairly falls within the rule stated in

Stallman v. Shea, 99 Minn. 422, 109 N. W. 824, and Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668, and that plaintiff's alleged contributory negligence was a question for the jury.

2. Plaintiff was 42 years old when injured. His principal injury consisted of a fracture of the skull. He was in a hospital about a month and was then taken to his home. This action was brought the day before he left the hospital and was tried six months later. At the time of the trial the fracture of the skull had entirely healed, but he was still weak, had not regained his normal weight, and had a week heart action and low blood pressure, indicating the prostration of his vital powers. Physicians who examined him shortly before the trial testified that he was not in condition to go to work, and that it was difficult to say when he could work again, although they agreed that in all probability his injuries are not of a permanent nature. He is a traveling salesman, was earning $7,600 annually over and above all expenses and had lost over seven months' earnings at the time of the trial, and, of course, such loss would continue until he was able to resume his occupation. He expended $437 for medical services and hospital bills. The damage to his automobile was $300. The damages awarded considerably exceed his actual money loss up to the time of the trial. But, in addition to such loss, he was entitled to compensation for pain suffered, and to recover such future loss of earnings as were shown to be reasonably certain. Judged by the standards set in the earlier decisions of this court, the jury was probably too liberal in allowing damages. But the standards have changed. As early as 1913 this court took notice of the decreased purchasing power of money (Peaslee v. Railway Transfer Co. 120 Minn. 347, 139 N. W. 613), and very recently of the still greater decline which has occurred. Rasten v. Calderwood, 145 Minn. 493, 175 N. W. 1007. Even though the verdict seemed excessive to us, we would not be at liberty to set it aside for that reason alone.

It is the duty of the trial court to keep the jury within the bounds of reason in assessing damages. Ott v. Tri-State Tel. & Tel. Co. 127 Minn. 373, 149 N. W. 544. When asked to grant a new trial on the ground that the verdict is excessive, its discretionary powers are in-

voked and must be exercised. It was suggested at the argument that trial judges are prone to abdicate their power to correct excessive verdicts and to shift their responsibility to this court, but we find nothing in the record to indicate that such is the case here. Our province has been frequently defined and its limits need not be restated. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462, 5 Ann. Cas. 303; Gibson v. Chicago G. W. R. Co. 117 Minn. 143, 134 N. W. 516, 38 L.R.A.(N.S.) 184, Ann. Cas. 1913C, 1263; Ott v. Tri-State Tel. & Tel. Co. supra.

We are of the opinion that the verdict is not so excessive as to compel the conclusion that it was the result of passion or prejudice on the part of the jury.

The order appealed from is affirmed.