## J. J. BARRETT v. LUMBER EXCHANGE COMPANY.[1]

May 16, 1924.

No. 23,877.

**Verdict for $11,000 not excessive.** ·
> Action for personal injuries. The verdict is sustained by the evidence, and the damages are not so clearly excessive as to justify this court in granting a new trial on that ground.

Action in the district court for Hennepin county to recover $30,000 for injuries. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $11,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. A. Tenner,* for appellant.

*William E. MacGregor* and *W. H. McDonald,* for respondent.

TAYLOR, C.

This is an action for personal injuries in which plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment non obstante or for a new trial.

Although the record is long, the questions presented do not require extended consideration. For some years plaintiff had occupied an office on the fifth floor of the Lumber Exchange, a large office building owned by defendant, in the city of Minneapolis. This building is provided with passenger elevators maintained and operated by defendant for the use of its tenants and others rightfully

[1]Reported in 198 N. W. 904.

upon the premises. The elevators are operated by water pressure, the water to operate them being supplied from a tank at the top of the building. On February 2, 1921, plaintiff entered one of these elevators at the fifth floor for the purpose of descending to the ground floor. The operator started the elevator, but was thereafter unable to control or stop it, and it descended rapidly to the bottom of the shaft. It subsequently developed that the accident resulted from a failure to keep the tank supplied with water. The evidence amply sustains the finding of negligence and there is no occasion to discuss it in detail.

The only other question requiring consideration is the claim that the damages are excessive. Something over two years elapsed between the accident and the second trial. Plaintiff suffers pain continuously in his right foot and leg, and this leg is from half an inch to an inch shorter than the other. He wears a metal brace on his foot and uses a cane. He is unable to walk without them, and able to walk only short distances with them. Moving the hip and knee joints in walking increases the pain, and after walking 2 or 3 blocks he is unable to control the muscles of this leg sufficiently to make it sustain his weight. His disability is caused by an injury to the sciatic nerve which prevents it from performing its normal function of controlling the muscles and movements of the foot and leg. He has received extended treatment by several doctors who have been unable to afford him relief or improve his condition, and the evidence justified the jury in finding that he is permanently crippled and will never be free from pain.

Defendant invokes the rule that large verdicts cannot be sustained where the claim of injury rests wholly on proof of subjective symptoms, but this is not such a case. The nerve specialist states that he was able to, and did, ascertain the nature and extent of plaintiff's injury from his own examination.

The first verdict was set aside as excessive. The present verdict is large, but has been approved by the trial court. It is not the province of this court to determine the amount of damages, and we find no sufficient reason for disturbing the present award. See Hillstrom v. Mannheimer Brothers, 146 Minn. 202, 178 N. W. 881, and cases there cited.

Order affirmed.