LILLIAN ALMY *vs.* ROSARIO W. VIEN.

JUNE 25, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J. This is an action of trespass on the case for negligence arising out of a collision between two automobiles. It was tried to a jury. At the conclusion of the evidence the trial justice granted the defendant's motion for a directed verdict. The case is before us solely on the plain-

tiff's exception thereto, all other exceptions having been waived.

The following facts are undisputed. The accident happened at the intersection of Vine street and Newport avenue, two public highways in the city of Pawtucket. Newport avenue, a four-lane highway, runs north and south and Vine street, a two-lane highway, runs east and west. On September 9, 1954, about 7:50 a.m., plaintiff was driving to her place of employment, which was about a mile from the scene of the accident. It was daylight and the weather was drizzly and misty. She drove her car in a westerly direction on Vine street towards its intersection with Newport avenue. The defendant had taken his wife to work and was returning to his home. He was driving his automobile southerly on his right side of Newport avenue towards its intersection with Vine street. As plaintiff was crossing the intersection defendant's automobile struck her car at approximately the middle of its right side.

The plaintiff testified that after waiting for an automobile ahead of her to turn north on Newport avenue she drove up to the intersection, looked to her left, saw no automobile approaching, and then looked to her right and saw no automobile in the "immediate vicinity," which she defined as south of Carter avenue. However, in front of a school on the westerly side of Newport avenue between Vine street and Carter avenue she noticed an automobile parked some six car lengths north of Vine street. This was not defendant's automobile. The plaintiff then proceeded to cross without again looking to her right. She said her automobile was hit while she was on the crosswalk on the westerly side of Newport avenue. She did not see defendant's automobile until it hit hers but she testified that the glass from the headlights of his car fell on the crosswalk. The plaintiff also testified that having started from a stopped position on the east side of Newport avenue she did not develop a speed in excess of ten miles an hour.

The defendant testified that he saw plaintiff's automobile stopped before it entered Newport avenue from Vine street; that he was in a line of traffic and was proceeding 20 to 25 miles an hour; that the parked car was located at the corner of the two streets; that he turned out to pass it; that the accident occurred in the second lane; and that he did not see plaintiff in front of him until the moment of collision.

The verdict was directed on the ground of contributory negligence. Taking, as we must, that view of the evidence most favorable to the plaintiff, the question is: Was she guilty of contributory negligence as a matter of law?

The defendant relies upon three of our cases, in all of which either a verdict was directed in favor of the defendant, or the plaintiff was adjudged nonsuit and such rulings were sustained by this court. *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451; *Keenan* v. *Providence Journal Co.*, 52 R. I. 54; *Jacobson* v. *O'Dette*, 42 R. I. 447. These cases are well known and are constantly relied upon by defendants in accidents at intersections. They are merely applications of the settled rule that a plaintiff who heedlessly runs into a danger, seen or unseen, is guilty of contributory negligence. The rule is clear but its proper application depends upon the facts of the case under consideration. *Dwinell* v. *Oakley*, 61 R. I. 88, 91.

The cited cases involve narrow streets. In the instant case we have a plaintiff operating her automobile across a wide street, but the question still is: Was she negligent as a matter of law in proceeding across the westerly half of Newport avenue? The plaintiff recognizes the rule of defendant's cases, but in her brief relies strongly upon the following quoted statement from *United Electric Rys.* v. *Pennsylvania Petroleum Products Co.*, 55 R. I. 154, at page 159: "Undoubtedly, it is well established that an operator of a vehicle crossing or turning into an intersecting high-

way has the duty of continuing to look while making the crossing or the turning, as well as before entering the intersection, *but this does not necessarily require a constant observation in one direction only. Circumstances may require that he look in several directions."* (italics supplied by plaintiff)

The plaintiff seeks to justify the fact that she did not again look to her right by stating that she was approaching a crosswalk near a school which was about to open and that she had a right to confine her looking to that crosswalk. She had been driving thirty-five years and had generally taken that route to work for sixteen years, and no reason is given why she could not have taken at least a quick look to her right. In an attempt to explain why she would not have seen defendant's automobile had she looked to the north, plaintiff relies upon defendant's story that he turned out to pass the parked car and that his car was lower than normal and thus would have been hidden by the parked car.

We are of the opinion that the jury could have reasonably found that an ordinary prudent person in the circumstances here would have looked to the north before entering the west side of Newport avenue. But the question still remains whether what that person would have seen would have made him negligent as a matter of law in proceeding as the plaintiff did. In *Underwood* v. *Old Colony Street Ry.*, 33 R. I. 319, this court stated at page 323:

> "The case of *Price* v. *Rhode Island Co.*, 28 R. I. 220, holds that: 'The obligation to look and listen when approaching a track upon which cars are run is so well established as the duty of a prudent person that a neglect of it must be held to be negligence in law.' By this statement it was not intended to declare that a lack of prudence shall be charged against a plaintiff if it does not at all contribute to the injury complained of. If one is held to have seen an obvious danger whether in fact he has seen it or not, in like manner one's action should be held to be without negligence

484

when in the circumstances it is justified, although those circumstances were not investigated with the care that prudent men ordinarily employ. If one has the right of way, in the absence of some special circumstance which would indicate to a prudent man that he should not exercise it, he may do so without negligence."

On her story the plaintiff in the instant case had the right of way. General laws 1956, §31-17-1, provides: "(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway." While there is no testimony that Newport avenue is a through highway, assuming that it is, the plaintiff had complied with the applicable provision of G. L. 1956, §31-17-3, which reads: "The driver of a vehicle shall stop at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway, or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

Had the plaintiff looked to the north as she was about to enter the west side of Newport avenue she undoubtedly would have seen defendant's automobile very near the intersection. However, the defendant testified that his speed was only between 20 and 25 miles an hour. An automobile being driven as slowly as that could easily have been slowed down sufficiently to have allowed the plaintiff to cross in safety. In fact, as it was, she almost cleared the intersection. Of course a motorist cannot insist on exercising his right-of-way in the face of an obvious danger, namely, an automobile being driven too fast to be sufficiently slackened, but a realistic view of present-day motor traffic compels us to hold that in the circumstances of this case, viewed

most favorably to the plaintiff, she was not negligent *as a matter of law* in proceeding across the westerly half of Newport avenue.

The plaintiff's exception to the direction of a verdict for the defendant is sustained, and the case is remitted to the superior court for a new trial.

*Aram A. Arabian, Theodore A. Miller,* for plaintiff.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.