LIZZIE ODDIE v. LUTHER MENDENHALL.[1]

June 28, 1901.

Nos. 12,591—(153).

### Contributory Negligence.

Evidence considered, and *held* that the question of plaintiff's contributory negligence was an issue of fact for the jury, and it was not error for the court to refuse to withdraw that question from their consideration.

### Violation of City Ordinance.

The violation of a city ordinance requiring the performance of a duty may furnish evidence of negligence, although such ordinance is not, as a matter of law, conclusive upon that issue, which must be determined in connection with all the evidence in the case.

### Request to Charge Jury—Objection Waived.

Where instructions are presented to the court at the close of the evidence, and either party waives objections to any request of the opposite party, which the court thereupon gives, the party so waiving objection may not afterwards reserve an exception thereto without leave of court first obtained.

Action in the district court for St. Louis county against defendant, as receiver of Duluth Street Railway Company, to recover $16,000 damages for personal injuries. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $2,500. From an order denying a motion for judgment in his favor notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*Greene & Wood*, for appellant.

*John Jenswold, Jr.*, for respondent

LOVELY, J.

Action for personal injuries sustained by plaintiff, who was run upon and thrown from a carriage by one of defendant's street cars. She recovered a verdict. Defendant moved for a new trial or judgment in the alternative, which was denied. From this

[1] Reported in 86 N. W. 881.

order the cause is brought here for review upon the entire record.

Plaintiff resided at Duluth. Her brother, Harry George, who was visiting that city, invited her to take an evening drive. He procured a horse and carriage from a livery, and in company with his sister drove through the city towards West Duluth, until they reached the Asbury Methodist Church, on Raleigh street, over which street, at this place, there was a single track of defendant's electric street railway. The distance between the sidewalk curbs of the street at the church was forty-two feet. It was twelve feet between the north rail and the curb next to the church where the injury to plaintiff occurred. The plaintiff was wholly unaccustomed to the use of horses or their management, but relied entirely upon her brother, who drove. When the carriage arrived at the curb in front of the church, the brother, having occasion to stop there, threw the lines upon the dashboard, leaving the horse facing west and his sister in the carriage, stepped out, ran up the church steps (nine in number), and went into the vestibule, when he was recalled by an outcry from his sister, who was alarmed at the actions of the horse, occasioned by noise produced from a street car coming from the rear, which was operated by a motorman, and run at the speed of twelve miles an hour. The motorman saw the carriage, with the lady, about one hundred and twenty-six feet before reaching it. He continued to sound the gong, frightening the horse, which became fractious, and alarmed plaintiff, who called to her brother twice. The brother immediately turned from the church, rushed down to the sidewalk, seized the horse by the bridle, and succeeded in getting the hind wheel of the carriage from the track, but the horse again backed the carriage wheels upon the rails. The motorman kept sounding the gong, and rushed his car upon the carriage, struck and overturned it, throwing plaintiff upon the sidewalk, from which she received the injuries complained of. About the time of the collision the motorman put on the brakes, stopping the car with a jerk, after it had run its length after striking the carriage. The above summary of the evidence states the facts most favorable to the plaintiff, as the verdict requires.

Upon these facts defendant insists that plaintiff was, as a

matter of law, guilty of contributory negligence in remaining in the carriage after her brother left it to enter the church; also that it was the duty of the court to have taken the case from the jury, and ordered a verdict in defendant's favor, or to have ordered judgment for defendant. The rather subtle process of reasoning by which counsel reach this conclusion is based partly upon the effect of an ordinance of the city of Duluth, as well as the conduct of the plaintiff in remaining in the carriage. The ordinance referred to provides that it shall be unlawful for any person to leave any horse attached to a vehicle in a street without fastening such animal in the manner provided for therein.

A reasonable construction must be given to this ordinance. Its object was obviously to prevent drivers from leaving horses standing in the streets without control. It cannot be held that this ordinance must be construed to require a person getting out of a wagon or carriage to hitch the horse attached thereto, even though occupants of the carriage remain therein. Such view would forbid any one (as a passenger) leaving a wagon or carriage, though the driver, holding the reins, remained to control the horse; and would have made the plaintiff amenable thereto if she had left the buggy after her brother had got out without herself hitching the horse. This construction would be absurd. Strictly speaking, plaintiff's brother did not violate the ordinance when he left the carriage, since his sister remained therein, and, as he might have reasonably supposed, without danger or knowledge that a car would pass during the few seconds while he could go into the church and return therefrom.

Again, counsel are mistaken in the claim that the violation of an ordinance in such a case is conclusive evidence of negligence. In any case where a duty is imposed by ordinance, the violation of which is made the basis of personal duty to secure safety, its disregard furnishes proof of negligence, the effect of which, after all, is to be determined by the jury. Ericson v. Duluth & Iron R. R. Co., 57 Minn. 26, 58 N. W. 822. It has also been held by this court that leaving a horse unhitched in the street, while it might be considered by the jury as evidence of negligence, is not

conclusive of want of ordinary care in that respect. Griggs v. Fleckenstein, 14 Minn. 62 (81).

Clearly, there was no such community of interest between the plaintiff and her brother in the control of the horse as imputed the brother's negligence to the sister, and, conceding, without deciding, that he was negligent in any respect when he left the carriage, it was still a question for the jury to determine the course of action this plaintiff should have pursued under all the circumstances. We cannot say, as a matter of law, that on a clear evening, during the twilight hour, it was plaintiff's duty to get out of the carriage as soon as her brother did; nor can we impute negligence to her, after the horse became fractious, because she did not jump out. What should have been her conduct in such a case, either in remaining in or leaving the buggy, was a question of fact particularly within the province of the jury. It must not be doubted, in view of the verdict, that plaintiff did the wisest thing apparent, even though her actions may have added to her peril, as disclosed in the retrospect after the accident. Carroll v. Minnesota Valley R. Co., 14 Minn. 42 (57). The two instructions asked for by defendant, which were made the principal ground of contention on the argument in this court, would require us to hold that the plaintiff was negligent in not leaving the carriage immediately after her brother; and we cannot, for the reasons stated, adopt this view.

The thirteenth instruction asked for plaintiff, to the effect that, if the jury should conclude plaintiff's brother was negligent, she was not responsible for such negligence, was given. A large number of instructions were asked on both sides. They were presented to the court at the close of the evidence, under G. S. 1894, § 5403. At this time defendant's counsel withdrew objection to this instruction. The court acted upon such concession, and gave the request. After it was given, defendant's counsel excepted. We think that, while it is very doubtful whether the giving of this instruction was error upon the evidence, yet the statute cited controls this matter. It was intended for a wise purpose in the trial of causes,—to enable counsel to have information of the issues that are to be discussed before the jury, and to

give the court aid in the preparation of its general charge, as well as to reserve before submission such exceptions as are desired; hence we must hold that counsel are to be concluded by their waiver of objections to an instruction, and we decline to consider this exception for that reason.

Other assignments of error are not of sufficient merit to require consideration.

Order affirmed.