## JOHN W. DAY v. DULUTH STREET RAILWAY COMPANY.[1]

May 23, 1913.

Nos. 18,002—(104).

**Collision with street car — contributory negligence — damages.**

> Plaintiff sustained injuries in a collision between his automobile and a street car. It is *held*:
>
> (1) The evidence sustains the verdict on the point of the negligence of defendant.

[1] Reported in 141 N. W. 795.

---

Note.—The authorities on the rule of the road as affecting street cars and automobiles meeting or passing are reviewed in a note in 42 L.R.A.(N.S.) 1188.

(2) It did not conclusively appear that plaintiff was guilty of contributory negligence, and the verdict is sustained by the evidence on this point.

(3) That plaintiff violated a city ordinance in turning to the left to enter an intersecting street before he had passed beyond the center of the street was not negligence per se, or conclusive evidence of negligence.

(4) Plaintiff's account of the accident was not so inherently improbable or so opposed to the weight of the other evidence, as to warrant setting aside the verdict.

(5) The damages were not excessive.

(6) There was no error in denying a motion for a new trial made on the ground of newly discovered evidence.

Action in the district court for St. Louis county to recover $15,800 for personal injury caused by a collision between an automobile which plaintiff was driving and defendant's street car. The answer denied that plaintiff was driving his automobile across defendant's tracks in the usual and ordinary manner, or that he was in the exercise of all due care and caution, and alleged that without reason he negligently drove his automobile directly in front of defendant's car, in so doing came into collision with it, and that whatever injury plaintiff received was wholly the result of his own negligence. The reply specifically denied the foregoing allegations of the answer. The case was tried before Dibell, J., and a jury which returned a verdict of $5,835 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or a new trial, it appealed. Affirmed.

*Thomas S. Wood,* for appellant.

*A. E. McManus* and *W. M. Steele,* for respondent.

BUNN, J.

This action was to recover damages for injuries received in a collision between an automobile driven by plaintiff and a street car operated by defendant. The issues were submitted to the jury and a verdict rendered in favor of plaintiff in the sum of $5,835. Defend-

---

For speed of automobile as negligence, see note in 25 L.R.A.(N.S.) 40.

As to the duty and liability of person operating automobile on public street or highway, see note in 4 L.R.A.(N.S.) 1130.

ant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

The briefs and arguments were mainly devoted to the question whether it conclusively appeared that plaintiff was guilty of contributory negligence, and, if not, whether the evidence sustains the verdict on this point. The evidence in relation to the accident was sufficient to prove the following facts:

Second street in Duluth runs east and west, and is intersected at right angles by Lake avenue, and the numbered avenues. First avenue east is the next street east from Lake avenue, Second avenue east the next, and so on. The accident happened near the corner of Second street and Second avenue east. Plaintiff was driving his automobile, a two passenger runabout, on his way to business on the morning of August 31, 1911. He entered Second street at Fourth avenue east. Defendant operates a double track line on Second street. Cars run west on the upper or northerly side of the street, and east on the lower or southerly side. As plaintiff turned on Second street, a westbound car had just passed Fourth avenue. He followed on the north side of the track behind this car, until it began to slacken speed to stop at Second avenue east, when he turned to the left and south, intending to go south on Second avenue to his destination. As he was crossing the south track, an east bound car struck his automobile, demolished it, and seriously injured plaintiff.

Plaintiff testified that, when he was about 50 feet east of Second avenue, the west bound car slackened its speed, preparatory to stopping at the west crosswalk, that he then looked and saw the east bound car a block away at First avenue, and turned to the south to cross the south track and go down Second avenue. What happened then is told in his own language: "Well, just after I started to turn, the west bound car was stopped, and just as I started to turn this east bound car,—when I got so I could see past the west bound car I seen it coming, in fact it was right on top of me, and I believe I turned to try to get out of the way just at the time I was hit." Plaintiff remembered nothing more after that.

Plaintiff testified that when he saw the east bound car at First avenue, he thought he had plenty of time to cross before it would

reach Second avenue; that he turned, crossed the north track, and the space between the two tracks, and was partly across the south track when he was struck. After he turned he went a distance of 25 or 30 feet before the collision. He looked for the east bound car but once, just before he turned, when, as he testifies, it was a block or more away. His vision to the west as he passed behind the west bound car was obstructed by that car. When he saw the east bound car before he started to cross the street, he was looking past the north side of the west bound car.

1. There was evidence sufficient to justify a finding that the car that struck plaintiff was going at a very high rate of speed, that it did not slow up as it approached Second avenue, though the west bound car was stopping at the cross walk, and that no bell was rung or gong sounded. It is evident that the proof of defendant's negligence was ample, and we do not understand it to be seriously contended to the contrary.

2. Defendant makes two contentions. The first is that plaintiff was guilty of contributory negligence as a matter of law in turning his automobile to cross the south track after seeing the east bound car at First avenue, without looking again. The second contention is that plaintiff's story of the accident is so intrinsically improbable that it must be rejected.

In determining whether plaintiff should be denied a recovery on the ground of contributory negligence, we must bear in mind that the burden of proof on this question was upon defendant. It seems to me, after a full consideration of the evidence, that reasonable men might well draw different conclusions as to whether plaintiff was using ordinary care under all the circumstances. Assuming his own evidence to be true, and it is not uncorroborated, he saw the car a block away just before he turned his automobile to cross the tracks. After this, his view to the west was obstructed by the west bound car. There is no evidence that he knew that the car was approaching at an excessive rate of speed, in violation of a city ordinance, and he had certainly some right to rely on its being operated without negligence, as well as upon its not rushing past the crossing without slowing up. It is a fair inference that he would have had ample time to cross the

tracks and get out of danger, if the car that struck him had been operated at the usual and legal rate of speed. It seems to us, and we hold, that the question of plaintiff's negligence was for the jury.

It serves no useful purpose to analyze the past decisions of this court involving the question of contributory negligence in cases somewhat similar in their facts. However, there is no lack of authority in support of the conclusion we have reached. Walker v. St. Paul City Ry. Co. 81 Minn. 404, 84 N. W. 222, 51 L.R.A. 632; O'Brien v. St. Paul City Ry. Co. 98 Minn. 205, 108 N. W. 805; Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 120 N. W. 382, 21 L.R.A. (N.S.) 887; Bodin v. Duluth St. Ry. Co. 117 Minn. 513, 136 N. W. 302.

3. It is claimed that contributory negligence was further conclusively shown by the fact that plaintiff was violating an ordinance of the city of Duluth, which provides that every person using any vehicle on any street in the city, when turning to the left to enter an intersecting street, shall not so turn, until his vehicle shall have passed beyond the center of such intersecting street. It is quite clear that plaintiff did turn to the left before passing the center of Second avenue, indeed before reaching that street. But, conceding that the ordinance applied, and that it was violated, it is established law in this state that such violation is not negligence per se, or conclusive evidence of negligence, but only a circumstance to be considered in connection with all the evidence in the case. Griggs v. Fleckenstein, 14 Minn. 62 (81); Ericson v. Duluth & Iron Range R. Co. 57 Minn. 26, 58 N. W. 822; Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881.

4. The claim that plaintiff's story of the accident is so inherently improbable, and so contradicted by other evidence that we ought to say that the verdict cannot stand, does not impress us. We are unable to find in the evidence in this case any justification for saying that plaintiff's story was so improbable as to be unworthy of belief, or that the weight of the opposing evidence is so strong that we ought to reverse the action of the trial court in refusing a new trial. We hold that the verdict is fairly sustained by the evidence within the rules that guide an appellate court.

121 M.—29.

5. It is claimed that the verdict was excessive. We decide that there is no ground here for our interference.

6. There was no error in denying the motion for a new trial on the ground of newly discovered evidence.

Order affirmed.