# G. C. BENSON v. A. T. LARSON.[1]

## June 23, 1916.

## Nos. 19,838—(180).

**Negligence — question for jury.**

   1. In an action to recover for an injury sustained by the plaintiff by coming in contact with the defendant's auto, it is *held* that the evidence made the question of the defendant's negligence for the jury, and that its verdict for the defendant is sustained.

**Automobile — neglect of driver to comply with statute — proximate cause.**

   2. The driver of a motor vehicle, who fails to observe the requirements of a statute intended for the protection of pedestrains, is liable for injuries proximately resulting from such failure, though his conduct may not have been negligent in the absence of a statute, and under the evidence the charge of the court upon this point was without substantial error.

Action in the district court for Hennepin county to recover $5,000 for personal injury received when defendant's automobile knocked plaintiff down. The answer alleged that whatever injuries plaintiff received were caused by his own negligence. The case was tried before Hale, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

   *John J. McHale,* for appellant.
   *John F. Bernhagen* and *F. H. Durham,* for respondent.

   DIBELL, C.

   This is an action to recover for personal injuries sustained by the plain-

[1]Reported in 158 N. W. 426.

---

Note.—Authorities passing on the question of reciprocal duty of operator of automobile and pedestrian to use care on streets and highways, are discussed in a comprehensive note in 51 L.R.A.(N.S.) 990. For cases passing on the question of violation of statute or ordinance by plaintiff as precluding recovery for negligence in an action for damages by or against driver or owner of automobile, see note in L.R.A. 1915E, 959.

tiff in an automobile accident. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff left his automobile at the curb on the westerly side of Bloomington avenue, in Minneapolis, about 55 feet southerly of its intersection with Lake street. Bloomington runs north and south and Lake east and west. He then started on foot diagonally across the street in a southeasterly direction. A water wagon was coming from the north on the westerly side of the avenue a few feet west of the center line. Still further to the north, on the same side of the street, the defendant was coming with his auto. The defendant turned to his left to pass the water sprinkler which was in operation. At this moment the plaintiff was hastening across the street in front of the approaching water wagon, and he and the auto came in contact just easterly of the center line of the street. He urges that the attending physical facts amount to a demonstration that the defendant was not in the exercise of such care as was required and that the verdict negativing negligence is not sustained. An examination of the evidence satisfies us that, while a verdict might have gone for the plaintiff, the question of negligence was one of fact. The verdict for the defendant cannot be disturbed.

2. By G. S. 1913, § 2632, it is provided: "Upon approaching a pedestrian who is upon the traveled part of any highway, and not upon a sidewalk, * * * every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signalling." A failure to observe the statute, if it results in injury to one for whose protection it is enacted, brings liability irrespective of such conduct as constitutes negligence in the absence of a statute. This is the effect of Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275, which involved other provisions of the motor vehicle statute. And see Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L.R.A. 1915D, 628. The court gave the statute in its charge and commented upon it. It did not expressly state that liability resulted in case a failure to observe the statute proximately resulted in injury, but in substance the rule of liability was sufficiently stated. Whether the statute applied to the plaintiff depended upon what view the jury took of the evidence. If he came in front of the auto with no opportunity for the driver, though then in the exercise of due care, to see him and take further precautions for his safety, he was not such a

pedestrian as the statute intended. No charge specially applicable to the situation was asked and no exception taken at the time to that given. There was no error in refusing the request, framed in general terms, as to the effect of the violation of the motor vehicle statute, though abstractly it was correct. We have considered all the assignments urged and find no error.

Order affirmed.