## ROY H. FLAATEN v. CHARLES LYONS.[1]

December 14, 1923.

No. 23,669.

**No review of denial of directed verdict in absence of exception thereto.**
1. Where no exception was taken to a denial of the motion for a directed verdict either at the trial or in the motion for a new trial, the ruling cannot be reviewed on appeal.

**Requested instruction properly refused.**
2. A requested instruction was properly refused because inaccurate.

**Negligence—contributory negligence.**
3. Defendant's negligence in running his automobile against plaintiff's decedent, causing death, was clearly proven, and the jury were justified in finding decedent free from contributory negligence.

**New trial on ground of newly discovered evidence denied.**
4. In passing on the question whether newly discovered evidence entitled defendant to a new trial, the court should consider whether such evidence would be likely to change the result on another trial. Here the court might well conclude that it would not, and, furthermore, the alleged newly discovered evidence was merely cumulative and corroborative of what defendant presented at the trial, and the court did not abuse judicial discretion in denying a new trial on the ground urged.

**Verdict of $6,800 not excessive.**
5. The verdict is not excessive.

Action in the district court for St. Louis county by the administrator of the estate of Jens H. Flaaten, deceased, to recover $7,500 for the death of his intestate. The case was tried before Magney, J., who at the close of the testimony denied motions by the respective parties for directed verdicts, and a jury which returned a verdict

[1] Reported in 196 N. W. 478.

for $6,800. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Burdick, Campbell & Bush*, for appellant.

*McCoy & Hansen*, for respondent.

HOLT, J.

A few minutes before midnight on August 5, 1922, an automobile driven by defendant killed Jens H. Flaaten, then in the act of crossing Superior street in Duluth from the north side thereof at or near the easterly line of Fifth avenue west. Double street car tracks are laid in Superior street. Flaaten was struck a few feet north of the northerly rail of the track by the left headlight of the car, driven west, and was rolled or carried under the car until it stopped in front of the Holland Cafe. In this action to recover for his death, the jury awarded the widow and next of kin $6,800.

Defendant contends that no actionable negligence was shown as to him and that decedent's contributory negligence appeared as a matter of law, hence there should have been a directed verdict; that the court erred in refusing to give a requested instruction; that the verdict is not justified by the evidence; that, on the ground of newly discovered evidence, a new trial should have been granted; and that the verdict is excessive.

Defendant moved for a directed verdict, but took no exception to the ruling denying the motion nor assigned error thereon in the motion for a new trial, hence is in no position to urge error here on that score.

No further need be said of the refusal to give defendant's requested instruction than to quote the first sentence therefrom: "The motor-vehicle law prohibits the driving of a motor vehicle on a public highway in this state, where the same passes through the closely built up portions of any incorporated city in excess of ten miles an hour, only when that speed is maintained for a distance of one-tenth of a mile." The instruction does not quote correctly even that part of the statute which defines what is prima facie evidence of unreasonable speed. The statutory prohibition is against driving at "a speed greater than is reasonable and proper, having regard to the

traffic and use of the way, or so as to endanger the life or limb or injure the property of any person." (Section 2635, G. S. 1913, as amended by section 1, c. 475, p. 814, Laws 1917).

Defendant does properly raise the question that the verdict is without support and contrary to law. As we read the evidence defendant's negligence is not open to doubt. In approaching this crossing, one of the most-used in the city, he speeded up his car to over 20 miles an hour according to his own opinion, and he would not deny that it was as high as 35 miles an hour when Flaaten was hit. Flaaten was passing directly in front of him, yet defendant did not see Flaaten until the instant the left lamp of the car struck him. Defendant was going at such a speed that when he applied the brakes the car slid from 50 to 60 feet on a dry and level pavement before it stopped. The jury could not escape finding defendant negligent. Whether Flaaten was also negligent was submitted to the jury, under instructions too favorable to defendant. Flaaten was not necessarily negligent, as a matter of law, if he deviated from the path made by projecting the lines of the easterly sidewalk on Fifth avenue across Superior street. Stoneman v. Smyth, 153 Minn. 554, 190 N. W. 605. The learned trial court charged the jury that Flaaten was guilty of contributory negligence, if he violated the city ordinance which forbids pedestrians to cross a street at any other place than in the path that would be occupied by the sidewalks of the intersecting street if extended across. This is not the law. The ordinance was not enacted for the protection of the one who negligently injures the pedestrian. Violation of such an ordinance or statute by the injured person has never been held contributory negligence as a matter of law. Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275.

Having in mind that, even if defendant could conclusively establish that Flaaten was crossing at a place forbidden by the ordinance mentioned, it would still be for the jury to determine whether he was guilty of contributory negligence, we approach the question whether the alleged newly discovered evidence is such that its production at another trial will be likely to result in a different verdict.

We think not. The negligence of defendant appears so gross and the taking of this life so inexcusable that no jury will find decedent guilty of contributory negligence, no matter on what part of the street he was when struck down. But, aside from that, the newly discovered evidence that Buelah Foster could give is merely cumulative and corroborative of Burke, the one riding with defendant, who testified that Flaaten was a little west of the middle of Fifth avenue and about 3 to 5 feet north of the north car rail when he was hit. No valid excuse is shown for not having Bud Chaffee at the trial. Defendant and his attorney knew long before what Mr. Chaffee could testify to, and with proper diligence his presence could have been secured. His testimony would only be corroborative of that given by Burke. No abuse of discretion can be found in refusing a new trial on the ground of newly discovered evidence.

The verdict is attacked as excessive, appearing to have been given under the influence of passion or prejudice. The law fixes an arbitrary limit to the amount recoverable for wrongful death. It was not intended that this measured the actual loss to the widow and next of kin of a husband and father who yearly might contribute much more to their support and comfort than the limit fixed and that all others must be scaled down proportionately; but rather so that, whatever the loss sustained, the law would not permit a recovery for more. The decedent had a life expectancy of about 19 years. His widow a little more. He was a prominent musician, earning $65 a week, and devoting all thereof to the support of himself and family. He was apparently an industrious, healthy man of good habits and high character. The verdict cannot be regarded as excessive, either on the ground that it is so large as to indicate that the jury were influenced by passion or prejudice or on the ground that the evidence does not justify a finding that the widow and next of kin have sustained so large a pecuniary loss.

The order is affirmed.