ALOISE FREDERICK AND OTHERS v. ALEXANDER A.
McRAE AND OTHERS.[1]

December 14, 1923.

No. 23,671.

**Officers of state bank liable for receiving deposits when they know it is insolvent.**

1. Where a statute imposes a duty upon a party and that party disobeys the mandate of such statute, he thereby renders himself liable in damages to the party for whose protection the statute was enacted.

**When funds are in custody of the law, suit in equity by depositors against officers will not lie.**

2. Where a state bank has become insolvent and taken charge of by the superintendent of banks, the assets are in custodia legis, and the superintendent or receiver may, under direction of the court, bring suit to collect, compound or sell all claims belonging to the bank, which furnishes to the depositors a speedy and adequate remedy at law so that a suit in equity by 193 depositors for the benefit of themselves and all others, to recover against the directors for malfeasance, will not be entertained.

**Recovery for unlawful payment of dividends by insolvent bank.**

3. The unlawful payment of dividends to the stockholders of a state bank, when the institution is known to the directors to be insolvent, constitutes a violation of the duties of the directors, redress for which must be sought by the corporation itself or by its representative for the benefit of the bank.

**Depositor cannot maintain such action against director.**

4. A depositor cannot maintain an action to recover from a director, dividends wrongly paid to stockholders upon their stock. Such an action must be brought by the bank or its representative.

**Demurrer against misjoinder of causes sustained.**

5. It appears from the amended complaint that there is a misjoinder of causes of action and that the demurrer should have been sustained.

[1]Reported in 196 N. W. 270.

Action transferred to the district court for Hennepin county to recover $159,228.22, and interest. Defendants' demurrer to the complaint was overruled, Nye, J. From the order overruling their demurrer, defendants appealed. Reversed.

*Ueland & Ueland,* for appellants.

*Willis A. McDowell* and *George S. Grimes,* for respondents.

*Clifford L. Hilton,* Attorney General, and *Le Roy Bowen,* for the state.

QUINN, J.

The State Bank of Silver Lake became insolvent and was taken in charge by the superintendent of banks in February, 1919. Its affairs were so handled that the creditors had received a dividend of 45 per cent on their claims when, in January, 1923, this action was brought by 193 depositors against six directors, to recover $159,238.22 for themselves and all other creditors. Subsequently the superintendent of banks was made a party defendant. In his answer he joined in demanding judgment against the defendants, for the reasons stated in the complaint. The other defendants interposed a demurrer to the complaint, alleging misjoinder of causes and that the complaint failed to state a cause of action. From an order overruling the demurrer defendants bring this appeal.

The plaintiffs attempt to set forth two separate causes of action in their complaint. For the first cause they charge that, by aid of forgeries and other unlawful acts, the cashier of the bank obtained and appropriated to his own use something like $190,000 of the funds of the bank; that such forgeries and loss would never have occurred but for the official neglect and misconduct of the directors; that, when depositing their money, plaintiffs had no notice or knowledge of the insolvency of the bank; that in so depositing their money, they and each of them had full faith that the defendants were duly performing their trust in managing the affairs of the bank; that defendants, knowing the insolvent condition of the bank, kept the same open and accepted their deposits without in any way notifying plaintiffs of its condition; that as a consequence thereof plaintiffs lost the whole of their deposits except 45 per cent paid by the receiver.

For a second cause of action it is charged that defendants, as such directors, depleted the funds and assets of the bank to the extent of $11,000, by the payment of dividends to the stockholders while the bank was known by them to be insolvent, all in disregard of their duties as such directors.

There can and should be no doubt but that the law places upon the directors of a bank the duty of looking after its affairs with diligence, to the end that its depositors may be protected against loss through insolvency. Baxter v. Coughlin, 70 Minn. 1, 72 N. W. 797; G. S. 1913, § 8919. The purpose of this statute is to protect depositors against loss and to punish officers of the bank for receiving deposits knowing the bank to be insolvent. The case falls within the rule that, where the statute imposes a duty upon a person, and that person disobeys the mandate of such statute, he renders himself liable in damages to the party for whose protection it was enacted. Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543, 12 Am. St. 698; Perry v. Tozer, 90 Minn. 438, 92 N. W. 137; Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566.

The complaint contains statements of fact which, if true, would entitle a depositor to recover from a director. However, that question is not here for determination. The right of a depositor to recover depends upon whether he had knowledge of the insolvency. His right to recover would depend upon the question of deceit. If he showed himself entitled to recover against the director, the amount recovered would be his, not as a part of the assets of the bank, but as damages on account of the deceit. It follows that the directors would not be liable individually for damages to a creditor for loss through insolvency in the absence of actionable deceit. The receiver or superintendent could maintain an action for the recovery of assets only. He could have no interest in the cause of action for deceit.

The unlawful payment of dividends to the stockholders, if such there was, constituted a violation of the duty of every director participating therein, redress for which must be sought by the corpor-

ation itself or by its representative for the benefit of the bank. A depositor could in no manner maintain such an action because the directors were in no way dealing with him. The element of deceit would be entirely wanting. Hence, a misjoinder of causes of action under the provisions of section 7780, G. S. 1913.

The assets of this bank were in custodia legis. The receiver might, under the direction of the court, bring suit to collect, compound or sell all claims belonging to the bank. G. S. 1913, §§ 6363, 6370 and 4627. This fact furnishes to the depositors a speedy and adequate remedy at law. Therefore a bill in equity will not be entertained for that purpose. The depositors might very properly have petitioned the court for an order requiring the receiver to bring an action to recover from the directors the dividends wrongfully paid out.

As it clearly appears that there is a misjoinder of causes of action, the demurrer should have been sustained.

Reversed.