### ELLEN McGOVERN v. ROSCOE F. SNYDER.[1]

December 4, 1925.

No. 24,911.

**Contradictions in charge justified new trial.**
    The trial court was justified in granting a new trial on account of
seemingly contradictory statements and errors in the charge.

    See New Trial, 29 Cyc. p. 787.

Action in the district court for Dakota county to recover for
personal injuries. The case was tried before Schultz, J., and a jury
which returned a verdict in favor of defendant. Defendant ap-
pealed from an order granting plaintiff's motion for a new trial.
Affirmed.

*Converse & Converse* and *Earl C. Wilmot*, for appellant.
*Smith & Rietz*, for respondent.

[1]Reported in 206 N. W. 379.

HOLT, J.

Plaintiff sued to recover damages for injuries sustained when an autmobile driven by defendant collided with a buggy in which plaintiff was riding. There was a verdict for defendant, and he appeals from the order granting a new trial, the order being based solely on errors of law in respect to the instructions relating to negligence and contributory negligence.

Defendant concedes his negligence was for the jury, and does not claim that it conclusively appears that plaintiff by her negligence contributed to the injury. The court considered the instruction given on the question of defendant's negligence confusing in this, that first having told the jury that a violation of the statutory law, pertaining to lights on an automobile, was negligence, and then afterwards submitting instructions under which the jury could find that defendant was not negligent, notwithstanding the first statement that he was, for there was no dispute that it was very dark when the collision occurred and that the lights on the automobile had gone out to defendant's knowledge. When the court below grants a new trial on the ground that a charge is conceived to be confusing because of seemingly contradictory statements therein, the appellate court should not interfere, unless it is clear that the matter sought to be covered by the charge is quite fully and accurately covered so as to leave no room for the claim that contradictory statements of law were given. The violation of a statute is not always conclusive of a defendant's negligence (Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654), and therefore defendant claims the charge sufficiently favorable to plaintiff. But even so, the trial court's opinion that it lacked clarity and consistency is not without some foundation, and, no doubt, was deemed prejudicial to plaintiff.

Defendant introduced some evidence tending to show that the buggy in which plaintiff was riding was partly to the left of the center line of the paved road in the direction she was traveling. After instructing the jury that if she was negligent, and such negligence proximately contributed to the collision, the court continued: "In considering the question of negligence on the part of the plaintiff, Ellen McGovern, you are instructed that all vehicles must keep

to the right of the center of the road. A violation of that law is negligence. Whether or not that negligence proximately contributed to the accident is for you to decide."

Laying out of the case the question of whether she should be charged with the negligence, if any, of the driver of the rig, her 16-year old son, it is clear the quoted instruction is incorrect even had she been the driver. A plaintiff's violation of a statute or ordinance is not as a matter of law negligence which defeats a recovery. It is evidence of negligence, but not conclusive. Day v. D. St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Flaaten v. Lyons, 157 Minn. 362, 196 N. W. 478; Dohm v. Cardozo & Bro. supra, page 193. If a violation by a defendant of a statute intended for the benefit of an injured plaintiff is not always conclusive of negligence of such defendant (Chase v. Tingdale Bros. supra), neither should a violation of a statute intended for the protection of the defendant be held conclusive proof of contributory negligence.

The court also expressed dissatisfaction with the form in which he had submitted the issue of contributory negligence. This may not be sufficient ground for granting a new trial (Faley v. Learn, 139 Minn. 512, 166 N. W. 1067) placed exclusively on errors of law. But we think there were here such errors in the instruction as to justify a new trial.

The order is affirmed.