## FRED SANDBERG v. GREAT NORTHERN RAILWAY COMPANY AND ANOTHER.[1]

August 3, 1928.

Nos. 26,698, 26,699.

**Refusal to withdraw from jury question as to giving of train signals was prejudicial error.**

1. Where a complaint charges a number of negligent acts and these are stated in the charge to the jury, it is prejudicial error to refuse to give a requested charge which in effect would withdraw from the jury one of such charges of negligence upon which no proof was given.

**Refusal to give requested instruction as to negligence of towerman in an emergency.**

2. The refusal to give the requested charge relative to action in an emergency was error.

Appeal and Error, 4 C. J. p. 1050 n. 85.
Railroads, 33 Cyc. p. 912 n. 90.

Action in the district court for Pine county by the father and guardian of Louis Sandberg, his minor son, to recover damages for personal injuries. From orders, Enersen, J. denying their alternative motions for judgment or a new trial, the defendants, Great Northern Railway Company (26,699) and Duluth Street Railway Company (26,698), separately appealed. Reversed and new trial granted.

*A. L. Janes, George Hoke* and *Tracy J. Peycke,* for appellant Great Northern Railway Company.

*Grace, Fridley & Crawford* and *M. B. Hurley,* for appellant Duluth Street Railway Company.

*Tautges, Wilder & McDonald,* for respondent.

HILTON, J.

Separate appeal by each of defendants, Great Northern Railway Company and Duluth Street Railway Company, from an order deny-

[1]Reported in 220 N. W. 949.

ing its alternative motion for judgment notwithstanding the verdict or 'for a new trial.

Plaintiff, as father and natural guardian of his minor son, had a verdict against both defendants for $25,000 because of injuries to said son resulting from a collision between a Great Northern railway train and a street car of the other defendant at a grade crossing in the city of Superior, Wisconsin. After the evidence was concluded, the motion of each defendant for a directed verdict was denied. There is no claim of contributory negligence. The issues were as to the negligence of the Great Northern Railway Company; the negligence of the street railway company; proximate cause of the collision; amount of damages.

The street car here involved, proceeding in an easterly direction, went upon three parallel railroad tracks, running north and south, where the same intersected at right angles a public street in Superior. There was but one street car track crossing the railroad tracks at this intersection. It was a "one-man car," and the front vestibule was the only unobstructed means of entrance and exit. The operator was both motorman and conductor and will hereinafter be referred to as the motorman.

A crossing tower was maintained close to the northeast angle of this intersection for which the Great Northern Railway Company was responsible and in which at all times was located a towerman whose duty it was, when necessity required, to lower the gates on both sides of the tracks in question to prevent persons and vehicles from going thereon. Under the law of Wisconsin and an ordinance of the city of Superior it was the duty of the street car motorman to stop his car not less than 25 feet from the crossing, leave the car and go upon the tracks to look for approaching trains. He stopped his car but did not leave it. He looked in both directions from his position in the front vestibule and saw at a distance to his right a moving locomotive headlight which he testified he thought was on a switch engine and not a train locomotive. It was in fact the latter. He then ran the street car onto the tracks, and while there it was hit by the passenger train. Of the passengers on the

street car a number were killed, and others, including the minor son of plaintiff, were injured. The claim of the street car company was that the railway company was negligent in not lowering the gates before the street car could get onto the tracks; that when so crossing the tracks the towerman lowered the gates in such a way as to strike the trolley pole and cut off the current; and that the accident was due to the negligent acts of the railway company.

On the other hand, the railway company's contention was that the negligence that caused the accident was that of the street car company because the motorman should have left his car and gone upon the tracks and looked for an approaching train; should not have taken the car onto the tracks because he had seen the headlight in question. It is further claimed that after the car was on the tracks and the motorman saw the train coming, he stopped the car, backed it up, stopped, and then ran it forward partly across the main track and into the east gates that were already down; that these acts were negligent and the immediate cause of the accident.

There are numerous assignments of error because of instructions given and failure to give requested instructions. It is also the claim of both defendants that the verdict was excessive and apparently given under the influence of passion and prejudice; further that a new trial should have been granted because of newly discovered evidence.

It is only necessary for us to consider three of the assignments of error having to do with the failure to instruct. In its charge the court gave, evidently from the pleadings, the various claims of the respective parties. Among others, he stated that one of the claims of plaintiff was that the Great Northern Railway Company neglected to give notice by whistle or bell of the approach of the train to the crossing. There was no evidence as to the failure to give such signals; in fact there was abundant evidence that the signals were given both by whistle and bell. All witnesses who testified upon that proposition were in accord. Plaintiff put in no evidence as to lack of such signals. The request was: "You cannot find the defendant Great Northern Railway Company negligent upon the

ground of failure of its engineer to give signals upon approaching the crossing." It was prejudicial and reversible error to refuse so to instruct and not to withdraw from the jury this question of negligence of which there was no proof. Regali v. M. St. P. & S. S. M. Ry. Co. 152 Minn. 407, 188 N. W. 1003; Vasey v. Saari, 141 Minn. 103, 169 N. W. 478; 5 Dunnell, Minn. Dig. (2 ed.) §§ 7168, 7174; Bowers v. C. M. & St. P. Ry. Co. 141 Minn. 385, 170 N. W. 226.

Both of the defendants requested the court to charge as to emergency action, which requests were refused, the request of the Great Northern Railway Company being:

"If you find from the evidence that the towerman, without negligence on his part, suddenly found that by reason of the negligence of the motorman of the street car, an emergency existed, which involved danger to the lives of persons on the street car, or others, and the towerman was obliged to follow a course of action with reference to the operation of the gates without time to consider the best means to avoid the danger, you cannot find that he was negligent merely because he did not adopt the wisest or best means of avoiding an accident."

The defendant street railway company made substantially the same kind of a request in its favor as regards the action of the motorman, which was denied. Exception was duly taken to the above recited refusals of the court, and these were assigned as error in the motion for a new trial and argued here. Under the evidence adduced at the trial, it was reversible error for the trial court to refuse these requests.

As there must be a new trial on the grounds stated, there is no necessity for a fuller statement of the facts nor a consideration of the other assignments of error. A new trial is granted.

Order reversed.