AGNES CHRISTOPHERSON v. CUSTOM LAUNDRY COMPANY.[1]

February 7, 1930.

No. 27,665.

[1]Reported in 229 N. W. 136.

*Merriam & Wright,* for appellant.
*Devaney & Edwards* and *R. V. Gleason,* for respondent.

OLSEN, C.

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or, if that be denied, then for a new trial.

The action is one to recover damages for personal injuries, and plaintiff recovered a verdict. The appeal presents the usual two questions: (1) whether the evidence justifies the verdict; (2) whether there were reversible errors on the trial, excepted to and assigned as errors by the defendant so as to be available here.

■ Plaintiff's cause of action is based upon defendant's failure to keep a toilet in its laundry in proper condition, as required by G. S. 1923 (1 Mason, 1927) §§ 4177 and 4181, charged as negligence in the complaint.

Defendant operates a laundry establishment in Minneapolis. Plaintiff was one of its employes. Her claim and evidence are that she was burned and injured by some caustic solution or acid which splashed upon her person while she was in the toilet provided by

defendant for the use of its employes. If her testimony is true, and the jury found it to be true, there was failure on the defendant's part to comply with the sections of the statute cited. There was no testimony as to how or by whom the caustic solution or acid came to be in the place. There was evidence tending to show that the toilet had been and was out of order. Violation of a statute, resulting in injury to one for whose benefit the law was enacted, results in liability, unless excusable or justifiable; and the burden of proving excuse or justification is on the person or party who has violated the statute. Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377. See also Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Benson v. Larson, 133 Minn. 346, 158 N. W. 426; Hillstrom v. Mannheimer Brothers, 146 Minn. 202, 178 N. W. 881; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; Elvidge v. Strong & Warner Co. 148 Minn. 185, 181 N. W. 346; Cohen v. Silverman, 153 Minn. 391, 190 N. W. 795; Frederick v. McRae, 157 Minn. 366, 196 N. W. 270.

■ The violation of a statute in such cases is sometimes treated as negligence per se or as constituting negligence as a matter of law. In the court's charge here the statutory duties of the defendant in the matter were given to the jury, and the question of violation thereof was treated as a question of negligence. Defendant could not and does not complain on the ground that the charge was perhaps more favorable to it in that regard than the evidence warranted. We conclude that the evidence fairly presented a question of fact for the jury upon the issue of negligence or violation of the statute and that the verdict is sufficiently sustained thereby. Defendant's evidence to show excuse or justification or want of negligence was not conclusive. The question whether the res ipsa loquitur rule applied is not deemed important.

■ Upon the argument here it is urged that there was misconduct of counsel for the plaintiff in his argument to the jury. The argument was taken down by the reporter and is included in the settled case. An examination thereof shows several improper and unjustifiable statements, which if the question were here for de-

cision might well be held to be prejudicial and such as would justify this court in granting a new trial. But no objections were made at the time to any of these improper statements and no exceptions taken. The only objections made were to a reference to the workmen's compensation law and to an item of damages testified to by plaintiff. Neither of the remarks objected to was such as to constitute misconduct. The jury was properly directed to disregard the reference to workmen's compensation, and the statements as to the item of damages were proper and justified by the evidence. In the motion for a new trial there is a general but insufficient assignment that "the whole argument of plaintiff's counsel" was addressed to passion and prejudice; that there were references therein to "hard, soulless corporation," to failure to provide an automobile, and as to wages paid plaintiff. The only assignment of error in this court under which it is sought to present the question is that the court erred in denying defendant's alternative motion for a new trial. No reference is made to the settled case or printed record. The assignment that the court erred in denying the motion for a new trial is in itself too general, where as here the motion was made on several grounds. Holford v. Crowe, 136 Minn. 20, 161 N. W. 213; 1 Dunnell, Minn. Dig. (2 ed.) § 363.

On the record here presented there was not sufficient objection, exception or specification of error at any stage to permit us to interfere on the ground of misconduct of counsel.

■ Rulings on evidence are challenged. Three photographs of certain metal forms for drying stockings, around which plaintiff worked, were offered in evidence and excluded. These metal forms were heated by steam to a sufficient temperature rapidly to dry out wet stockings placed thereon. Plaintiff placed stockings on these forms for the purpose stated. It was evidently defendant's theory that she might have been burned by coming in contact with these forms. What degree of heat was used does not appear. It is evident that the forms were not heated to such degree as to burn or injure the fabric placed thereon. There is no evidence that plaintiff was burned by coming in contact with these forms. On

the contrary the evidence as a whole negatives that conclusion, and plaintiff denies it. The trial court was well within its discretion in excluding the evidence as not based on any sufficient foundation.

The same is true of the ruling sustaining the objection to questions asked Dr. Green as to whether hot iron or hot stocking forms could produce such a burn as plaintiff had; and to the question asked Mr. Hipp, a soap manufacturer, as to the effect on human flesh of a cold caustic or chemical solution.

Other assigned errors on rulings on evidence have been examined and are found not to present error.

Complaint is made of the submission to the jury of the plaintiff's claim that there was some caustic solution or acid in the liquid splashed upon her, and in submitting to the jury her claim that her injuries resulted in a retroversion of the uterus. The evidence justified the submission of these claims. The claim that it was error to submit to the jury the question of defendant's negligence in the matter is disposed of by what has already been said. A portion of the charge, defining the defendant's duties, is assigned as error. Taking the charge as a whole it quite clearly submitted the issues to the jury, and we find no error here. The verdict is not now challenged as excessive.

Order affirmed.