EMIL DUX v. T. M. RINGDAHL AND ANOTHER.
PAULINA AND ADOLPH SCHUMANN v. SAME
DEFENDANTS.[1]

February 27, 1931.

Nos. 28,357, 28,358, 28,359.

[1]Reported in 235 N. W. 383.

*Sanborn, Graves & Andre,* for appellants.

*Denegre, McDermott, Stearns, Stone & Mackey,* for respondent Ringdahl.

*Clarence O. Fehling,* for respondent Butler.

OLSEN, J.

Three actions for personal injuries caused in one and the same automobile collision. The actions were tried together and resulted in verdicts in favor of the defendants in each case. Judgments were entered on the verdicts, and plaintiff appeals in each case from the judgment therein. Motions for new trials had been made and denied. Except as to the amount of damages, the pleadings and issues were the same in each case.

Plaintiffs were passengers in a car driven by Mrs. Martha Russell, which may be referred to as the Russell car, going south on a paved highway a few miles south of St. Paul. Defendant Butler was driving his car, coming north on the same highway. The two cars collided, and plaintiffs suffered some injuries. Just prior to the collision Mrs. Russell was driving on her right side of the center of the pavement at a speed of about 25 miles an hour. Defendant Ringdahl, driving in the same direction, came up behind her and turned out and passed her car. In passing the Russell car and turning back into his line of travel on the right side of the pavement, the rear fender or bumper of Ringdahl's car momentarily hooked or came in contact with the front bumper of the Russell car; or, if Ringdahl's testimony is accepted, the Russell car made contact with his car after he had passed it and was slowing up to avoid a car in front of him. The cars disengaged without injury to anyone, and the Ringdahl car was then out of the way, on its own side of the pavement but slowing up. The contact, according to Mrs. Russell's testimony, caused her car to sway to the right towards the edge of the pavement. She then swung her car to the left, and

in so doing her car went to or over the center line of the pavement and collided with or was struck by defendant Butler's car, coming from the south.

There are no errors assigned or claimed in the charge or in the reception or exclusion of evidence, or in the proceedings at the trial. The only question presented is whether the verdicts are so contrary to the evidence or so lacking in support in the evidence as to justify or require us to grant new trials. The rules as to when this court will grant a new trial for insufficiency of the evidence are so well settled that they need not here be repeated.

As to the defendant Butler, there is ample evidence that he was over on his right side of the pavement, with the wheels on the right side of his car off the pavement and on the shoulder of the highway. He was driving at a speed of 30 to 35 miles an hour, not excessive as a matter of law. He saw the Ringdahl car pass the Russell car, that the two cars seemed to be hooked, and that the Ringdahl car then went ahead. So far as appears there was nothing to indicate to him that the Russell car would suddenly come across the pavement into his line of travel. Whether he was negligent in failing to slow up, stop, or use other means to avoid the collision were fair questions for the jury.

As to defendant Ringdahl, his momentary contact with the Russell car did not of itself cause any injury. How that contact came about was a jury question. His speed was not negligent as a matter of law. It is urged that he started to pass the Russell car on a curve in the highway in violation of the statute, 1 Mason, 1927, § 2720-13 (b) and should therefore be held negligent as a matter of law. He did start to pass on a moderate curve, but the accident happened some 100 to 150 feet beyond the curve on a straight road. If it be assumed that Ringdahl violated the statute, his liability then would depend on whether plaintiffs' injuries were the proximate result of such violation. One who violates a statute is liable in damages only for injuries resulting proximately from such violation. Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279; Howley v. Scott, 123 Minn. 159, 143 N. W. 257, 51 L.R.A. (N.S.) 137; Curwen v. Appleton Mfg. Co. 133 Minn. 28, 157 N. W. 899; Benson v. Larson,

133 Minn. 346, 158 N. W. 426; Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922; St. L. I. M. & S. Ry. Co. v. McWhirter, 229 U. S. 265, 280, 33 S. Ct. 858, 57 L. ed. 1179. Whether starting to pass the Russell car on a curve, if a violation of the statute, was a proximate cause of injury to plaintiffs was a question of fact for the jury. Whether defendant Ringdahl was otherwise negligent in the operation of his car and thereby caused plaintiffs' injuries were issues of fact for the jury.

The question whether Mrs. Russell was negligent is not important. Plaintiffs were not chargeable with any negligence on her part. The issues here were whether Butler was negligent and his negligence contributed as a proximate cause to plaintiffs' injuries, and whether Ringdahl violated the statute or was negligent in other respects and his violation of the statute or other negligence contributed as a proximate cause to plaintiffs' injuries. The jury could have found for the plaintiffs. But the verdicts returned are not so contrary to the evidence or so lacking in support in the evidence as to permit us to disturb them.

Judgments affirmed.