JOHN J. MECHLER v. THOMAS J. McMAHON AND ANOTHER.[1]

November 20, 1931.

No. 28,517.

[1]Reported in 239 N. W. 605.

*S. S. Larson* and *Denegre, McDermott, Stearns, Stone & Mackey,* for appellants.

*Bundlie & Kelley* and *Ernest Torinus,* for respondent.

WILSON, C. J.

Defendants appealed from an order denying their motion for a new trial.

The case has been here before, 180 Minn. 252, 230 N. W. 776. Plaintiff drove his automobile, a roadster, on a wet and slippery, paved trunk highway at night at a speed of about 35 miles per hour. Ahead of plaintiff was a truck, owned by defendant McMahon, loaded with apples and covered with khaki-colored tarpaulin and operated by his employe, defendant Bogoty. The front

478

and rear lights on the truck went out. The truck was stopped in its line of travel. The night was dark and drizzly. Plaintiff did not discover the presence of the unlighted standing truck until he was so near that he could not, under the conditions, pull to the left and pass; but he applied his brakes to stop his car, which skidded into the rear of the truck, resulting in alleged personal injuries and damage to his roadster.

Bogoty claims that when his lights went out he and his helper attempted to move the truck forward so as to get it on the shoulder of the road to the right, and that before they accomplished this plaintiff's roadster struck the truck in the rear. In the answer of the defendant McMahon he sets up a counterclaim for damages to the truck.

The jury returned an $1,800 verdict for plaintiff.

■ Prompted by the memorandum of the trial court and the argument of counsel, we have reconsidered some of our cases wherein we have stated that in certain cases the violation of an imposed statutory duty by plaintiff is not conclusive evidence of contributory negligence—but merely a circumstance for the consideration of the jury.

We have held in many cases that defendant's violation of a duty imposed by a statute or ordinance proximately resulting in injury to one for whose benefit such law was enacted results in liability irrespective of such conduct as would constitute negligence in the absence of such law. Bott v. Pratt, 33 Minn. 323, 23 N. W. 237, 53 Am. R. 47; Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543, 12 A. S. R. 698; Ericson v. D. & I. R. Ry. Co. 57 Minn. 26, 58 N. W. 822; Judson v. G. N. Ry. Co. 63 Minn. 248, 65 N. W. 447; Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881; Meshbesher v. Channellene O. & M. Co. 107 Minn. 104, 119 N. W. 428, 131 A. S. R. 441; Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Benson v. Larson, 133 Minn. 346, 158 N. W. 426; Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881; Thomas v. Stevenson, 146 Minn. 272, 178 N. W. 1021; Unmacht v. Whitney, 146 Minn. 327, 178 N. W. 886; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; Cohen v. Silverman,

153 Minn. 391, 190 N. W. 795; Frederick v. McRae, 157 Minn. 366, 196 N. W. 270; Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Sandhofner v. Calmenson, 170 Minn. 69, 212 N. W. 11; Christopherson v. Custom Laundry Co. 179 Minn. 325, 229 N. W. 136; Suess v. Arrowhead S. P. Co. 180 Minn. 21, 230. N. W. 125; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15; Wicker v. North States Const. Co. 183 Minn. 79, 235 N. W. 630.

Violation of such duty may be excusable or justifiable, but the burden to show that is upon the party who violated the statute.

The same rule should logically be as applicable to a plaintiff as to a defendant. The test is not whether the injured party is a plaintiff or defendant; but rather whether the statute was passed for the protection of the injured party.

If a plaintiff's violation of a statute or ordinance proximately results in injury to a defendant who is one for whose protection such law was enacted, liability follows, and it is said that such plaintiff is guilty of negligence per se. Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628; Benson v. Larson, 133 Minn. 346, 158 N. W. 426; Elvidge v. Stronge & Warner Co. 148 Minn. 185, 181 N. W. 346; Suess v. Arrowhead S. P. Co. 180 Minn. 21, 230 N. W. 125; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15. The principle involved in these cases is of course also supported by all the authorities cited above.

This court has held in substance that where a plaintiff, at the time of the accident, has violated a statute or ordinance which was not enacted for the benefit of the injured defendant, such violation of duty does not constitute negligence per se but is merely a circumstance for the consideration of the jury. Ericson v. D. & I. R. R. Co. 57 Minn. 26, 58 N. W. 822, and cases therein cited; Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628; Hackert v. Prescott, 165 Minn. 134, 205 N. W. 893; Fraser v. G. N. Ry. Co. 166 Minn. 308, 207 N. W. 644; Weber v. J. E. Barr Packing Corp. 182 Minn. 486, 234 N. W. 682; Flaaten v. Lyons, 157 Minn.

362, 196 N. W. 478; Fitzgerald v. Village of Bovey, 174 Minn. 450, 219 N. W. 774; Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15.

We have not always observed nor had our attention called to the distinction above noted, as to when a plaintiff's violation of such imposed duty was to be considered negligence per se or merely a circumstance for the consideration of the jury, or, as we now hereinafter hold, wholly immaterial; hence we have inadvertently fallen into the error of stating that the violation of a statute or ordinance by plaintiff is not negligence per se but a mere circumstance for the consideration of the jury, bringing all such cases within the rule announced in the cases last above cited. Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881; Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; McGovern v. Snyder, 165 Minn. 208, 206 N. W. 379; Carlson v. F. A. Martoccio Co. 179 Minn. 332, 229 N. W. 341; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776; Wicker v. North States Const. Co. 183 Minn. 79, 235 N. W. 630. Fortunately, this inapt language, much of which has been dicta, so used in these decisions was seldom, if ever, controlling. Seemingly the primary or fundamental error was in the case of Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795, wherein the statement was not supported by the cases cited. The misstated and misapplied rule has been repeated as indicated.

We now state the rule to be that, in the absence of valid excuse or justification, the violation by the injured person of a statute or ordinance enacted for the benefit of the other party is conclusive evidence of contributory negligence if such violation proximately contributes to the injury. The rule in this state has always been that the unjustified violation by the defendant of a statute or ordinance enacted for the benefit of the injured party is negligence per se if it proximately results in injury.

If the statute or ordinance was not enacted for the benefit of the party invoking it, the general rule is that it is wholly immaterial,

although the acts which constitute its violation may be admissible on the question of common law negligence. In other words, the general rule is that the violation of such statute or ordinance is not even a circumstance to be considered on the question of negligence or contributory negligence. Whether such statute or ordinance was enacted for the benefit of a particular person is a question of law.

■ Consistently with the language of this court in the cases last above cited, the trial court, properly construing the foregoing authorities, conceived it to be his duty to charge the jury as he did as follows:

"Now, in plaintiff's claim against the defendants, a violation of any of those statutes by the defendants, was negligence, and the violation of any of those statutes by the plaintiff, is a circumstance which you will consider in passing upon his contributory negligence.

"In considering the claim of defendant McMahon against the plaintiff, his counterclaim, a violation of any such statute by the plaintiff, was negligence, and any violation by McMahon, through his agents, is a circumstance which you will take into consideration in determining the contributory negligence of McMahon or his agents."

The statutes included in the charge and to which the above quotation was applied by the jury are 1 Mason, 1927, §§ 2720-3(a), 2720-4(a), 2720-24(a), 2720-45, and 2720-54.

Of these statutes only two were applicable to plaintiff's conduct, and they are as follows:

"§ 2720-3(a). No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property."

"§ 2720-4(a). Any person driving a vehicle on a highway shall drive the same at a speed not greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing."

Under the rule as hereinbefore stated, the instruction to the jury was erroneous, but in what way was the error prejudicial to the defendants? Before stating to the jury the statutory duties, the court gave a general instruction as follows:

"It is the duty of every driver of a motor vehicle to use his faculties, to keep a reasonable lookout as to traffic conditions, and to keep the motor vehicle driven by him under reasonable control, having due regard to the situation and to the conditions under which the vehicle is proceeding."

Such are the duties imposed by the common law. The statutes, §§ 2720-3(a) and 2720-4(a), in substance restate the same rule. We have difficulty in seeing that the statute imposed any new duties. The verdict of the jury indicates that the plaintiff exercised ordinary care. Since these statutory rules and the rules of ordinary care are substantially the same, it is inconceivable that the jury could also have found that plaintiff violated either of said statutes even though the trial court told them a violation of either statute was but a circumstance to be considered in passing upon the question of plaintiff's contributory negligence. As suggested by respondent, "a finding of ordinary care was ipso facto also a finding of compliance with the statutes."

Defendants assert that plaintiff was also guilty of contributory negligence as a matter of law on the ground that he was traveling at such speed that he could not stop or turn aside, so as to avoid a collision, within the distance that he could plainly see objects or obstructions ahead of him. Or, to put it in other words, that plaintiff is chargeable with such negligence if he fails to manage his automobile in such a manner that he cannot stop or avoid striking an object or obstruction within the distance illuminated by the lights on the car.

Counsel cite to us the cases of Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254, and Hannan v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 492, 191 N. W. 922. Counsel submit authorities from other states tending to support their claim. We do not adopt them. In respondent's brief are cited cases from several

states holding to the contrary. The doctrine of the Heiden case, 154 Minn. 102, 191 N. W. 254, related to a street car on tracks running into a wagon on the street, and does not control in the operation of automobiles. Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55; Forster v. Consumers W. S. Co. 174 Minn. 105, 218 N. W. 249; Knutson v. Farmers Co-op. Creamery, 180 Minn. 116, 230 N. W. 270; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776; Wicker v. North States Const. Co. 183 Minn. 79, 235 N. W. 630. What the driver of a car should see with the aid of his front lights is usually a question for the jury. Ball v. Excelsior H. & S. Co. 153 Minn. 388, 190 N. W. 607. Such is the rule as to questions of negligence in the presence of dazzling lights. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580.

The rule of the Heiden case, 154 Minn. 102, 191 N. W. 254, is the rule of common law applicable to the facts in that case. Were it suitable to a case of this character it would probably be inapplicable because of being superseded by 1 Mason, 1927, § 2720-50(a) which reads as follows:

"§ 2720-50(a). The head lamps of motor vehicles shall be so constructed, arranged, and adjusted that, except as herein provided, they will at all times under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet ahead, but no head lamp nor auxiliary driving lamp shall project a glaring or dazzling light to persons in front of such lamp."

It is plain that on the night of the accident the "atmospheric conditions" were not normal. Plaintiff testified that he could see the truck, under the conditions of the night, 75 to 80 feet ahead; that he then thought the truck was moving; that under dry conditions he could have stopped his car within the distance he could then see the truck ahead of him; but that under the conditions at the time he could not. When plaintiff got within 15 to 20 feet of the truck he discovered that it was standing still. He then applied his brakes and cramped his steering wheel to go to the left to pass the truck, but the automobile did not respond. The rubber

tires did not seem to take hold of the wet pavement, and the roadster skidded into the rear end of the truck. Under such circumstances we have no difficulty in holding upon this branch of the case that the question of plaintiff's contributory negligence was for the jury. To hold otherwise would substantially nullify the statute which requires red tail lights on automobiles and red lights on obstructions in the highway.

■ Defendants complain of the court's refusal to give a requested instruction in the following language:

"If you find that the tail light on the defendants' car suddenly and unexpectedly, and without fault on the part of the defendants, went out, that fact alone would not be sufficient to charge the defendants with negligence or to make the defendants liable in this case."

There is evidence that the tail light was out. The defendants offered no evidence to show that ordinary care had been exercised with reference to the tail light. We do not find any evidence in the record justifying the court in giving the requested instruction. Defendants made no effort to show that this light went out suddenly or unexpectedly or that it went out without their fault. The evidence is that the following morning the tail light was examined and found "all right." Indeed, instead of making an effort to explain or to excuse the absence of a tail light, defendants' testimony is that the tail light was burning. The court should not submit to the jury issues unsupported by the evidence. Anderson v. Wormser, 129 Minn. 8, 151 N. W. 423; Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668, 68 N. W. 22; Lufkin v. Harvey, 131 Minn. 238, 154 N. W. 1097, L. R. A. 1916B, 1111, Ann. Cas. 1917D, 583; Vukos v. Duluth St. Ry. Co. 173 Minn. 237, 217 N. W. 125; Sandberg v. G. N. Ry. Co. 175 Minn. 280, 220 N. W. 949; Central States Inv. Co. v. Boettcher, 180 Minn. 6, 230 N. W. 120; Rihmann v. Geo. J. Grant Const. Co. 114 Minn. 484, 131 N. W. 478; See 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7174. The burden was upon the defendants. Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377.

■ Defendants complain that they were limited in the cross-examination of the plaintiff as set forth in assignments of error 5, 6, and 7. An examination of the entire record discloses that the rulings of the court in this respect were not prejudicial, were well within the discretion of the trial court, and we do not stop to consider whether or not they involve any error which, if present, was extremely technical.

Affirmed.

Stone, J. took no part.